## Lauer *versus* Lee.

42　165
151　567

*Conditional Verdict in Ejectment when proper on an Executory Contract for Land.—Rescission of, how established.*

1. Where one brought ejectment on his legal title against a defendant in possession, who alleged a parol contract for the purchase of the lot, and part payment of the purchase-money, the plaintiff is entitled to a conditional verdict for the balance due him under the contract, though he had made no demand for such balance, and had not tendered a deed before bringing suit.

2. The defendant cannot set up encumbrances against the plaintiff to show his inability to make a clear deed for the premises, nor can he thus defeat the plaintiff of his conditional verdict: because he may require that the verdict shall be enforced only on condition that the plaintiff execute and file a proper deed.

3. Though the defendant had, as alleged, bought the lot in question from a third person, under an agreement that the plaintiff should take the title in his own name, he can, on paying the purchase-money and receiving a conveyance, use the title to enforce payment to himself by a conditional verdict in ejectment.

4. An executory contract for land may be rescinded by parol, but the rescission must be evidenced by acts which leave no doubt of the intent, especially where the contract is by parol.

5. Hence, where the court below, on the trial, rejected the offer of the plaintiff to prove that a payment made by the defendant "on account of the house and lot, &c.," was afterwards by his knowledge and consent carried to his general credit, in a separate account, it was error: for if the withdrawal and change of payment did not prove a rescission, it was evidence against the claim for the payment of purchase-money by the defendant, and also on the question of the amount due on the land.

ERROR to the Common Pleas of *Schuylkill county*.

This was an action of ejectment, brought March 16th 1858, by George Lauer against Charles Lee, for " a lot of ground situate in the town of Ashland, Butler township, Schuylkill county, marked in the town plot as number twenty-one, and situate on the south-western corner of Second and Centre streets, containing twenty-five feet in front and one hundred and twenty-five feet in depth, with the buildings and appurtenances."

The plaintiff claimed title through Isaac Burkhard, and gave in evidence a deed from him, dated July 10th 1854, for the consideration of $750, which was duly recorded. He also gave in evidence a release deed from John Brock to said Isaac Burkhard of the same date, and closed.

The defendant rested his case on two grounds—First, that he contracted with Burkhard for the purchase of the property, and that the deed was executed by Burkhard to the defendant, to secure the repayment of the purchase-money, which the plaintiff had agreed to advance, and pay for the defendant; Second, that he had entered into a parol contract with the plaintiff, to purchase from him the property in controversy for $750, and had gone into possession in pursuance of the contract; had

[*Lauer v. Lee.*]

paid him part of the purchase-money, and had made valuable improvements; and on the trial gave evidence in support of these points of defence, among which were three receipts: one for $100, "on account of house and lot in Ashland;" one for $55, and one for $150, in which there was no mention made of the account on which the money named therein was paid.

After the defendant had closed his testimony, the plaintiff offered to prove that the $100 which defendant alleged he had paid to plaintiff July 2d 1855, on account of the house and lot, was afterwards, with the knowledge and consent of defendant, passed to the credit of his general account for goods sold and delivered, for the purpose of showing a rescission or abandonment of the agreement set up by defendant, and also to show that he had no equity which could be enforced in chancery. This was objected to by defendant's counsel, on the ground that the only legal effect or purpose of such evidence is to divest the equitable title vested by the first payment of the purchase-money, possession taken, continued, and maintained, and the erection of valuable improvements. The court below sustained the objection, and rejected the evidence.

The plaintiff then proceeded to give in evidence other matters tending to answer the defence, which are not material so far as regards the errors assigned in this court. After the evidence had been closed on both sides, the counsel for plaintiff claimed that the court might direct a conditional verdict in this case.

The defendant thereupon asked the court to exercise its discretion, and permit him to show, by the judgments and mortgages of record against George Lauer, that he has not, since suit brought, since 1856, been in a situation to give the defendant a title to the land upon a delivery of the deed.

The plaintiff objected, because the case has closed, and the argument been gone into, and the discretion which the court are called upon to exercise is unusual and injurious to plaintiff, who could not foresee this offer, and was taken by surprise; and because also, the evidence offered was irrelevant, and will not change the legal questions arising in the case.

But the court permitted the evidence to be given. At the close of the case the plaintiff requested the court to charge the jury, as follows:

1. The agreement, if any existed between plaintiff and defendant, to sell the premises in dispute, resting in parol, was within the Statute of Frauds, and therefore void, and no performance having been shown sufficient to take the case out of the statute, the plaintiff is entitled to recover.

2. That the declarations and letters of the plaintiff, as shown by the testimony, are not sufficient in the law to create a trust in favour of Charles Lee, if the jury find the purchase-money was not paid or tendered by him.

[Lauer *v.* Lee.]

3. That the defendant cannot retain the possession of the premises in dispute against the legal will, without having tendered payment of the purchase-money with interest, and the verdict should be for the plaintiff.

4. And on the whole testimony in the cause the verdict should be for the plaintiff.

5. That if the jury believe, from the testimony in the cause, that George Lauer purchased the premises on his own account, with the understanding and agreement with Lee that Lauer would sell to Lee when he could pay for the property, and it appearing that Lee has not paid, nor offered to pay, he has no equity sufficient to resist the legal title of the plaintiff.

6. That the defendant not having paid nor offered to pay the purchase-money, and not being willing nor ready to perform his agreement, has no right to a conveyance, and equity will not protect his possession—at least he can have but a conditional verdict.

7. That the alleged purchase by Charles Lee of the land in question is void, under the fourth section of the Act of 22d April 1856, in relation to a parol grant, or assignment of land.

The court submitted the questions of fact relied on by the defendant, charging, under the first ground of defence, that if it was believed, then the plaintiff was a trustee, holding the legal title for the defendant, and would not be entitled to a verdict, not having demanded the purchase-money, or tendered a deed for the premises.   On the second point of defence above mentioned, the court charged, if it was believed (and there was or could be little doubt of it), their verdict should be for the defendant.

All the plaintiff's points were negatived except the fifth, which was affirmed.

The plaintiff's claim to a conditional verdict was also refused.

Under these instructions there was a verdict and judgment for the defendant.   Whereupon the plaintiff sued out this writ, and assigned as reasons for reversing the judgment,

1. That the court erred in rejecting the offer of plaintiff to prove that the $100 paid by Lee to Lauer on account of " house and lot in Ashland" was afterwards, with the knowledge and consent of the defendant, carried to his general credit on a separate account, for merchandise sold him by plaintiff, as evidence to show a rescission or abandonment of the agreement set up by the defendant.

2. In overruling the objections of plaintiff's counsel to defendant's offer to show by the judgments and mortgages of record against George Lauer that he has not, since suit brought, since 1856, been in a situation to give the defendant a title to the land upon a delivery of the deed.

[Lauer *v.* Lee.]

3. In answering the first, second, third, fourth, sixth, and seventh points of the plaintiff in the negative.

4. In charging the jury as follows : " If the jury are satisfied, from the evidence, that these allegations are sustained, the plaintiff is a trustee holding the legal title for the defendant, and would not be entitled to a verdict in this action, because he has not demanded the purchase-money, or tendered to the defendant a deed for the premises."

5. In charging as follows : " The second ground of defence is, that the defendant entered into a parol contract with the plaintiff to purchase from him the property in controversy for $750, entered into possession in pursuance of the contract, paid him part of the purchase-money, and made valuable improvements. This defence is so clearly sustained by the evidence that the counsel have not thought proper to address you upon the facts. Yet it is the duty of the court to submit the facts to the decision of the jury. And if you believe that this second ground of defence is sustained by the evidence, you ought to render a verdict for the defendant."

6. In charging as follows : " The plaintiff's counsel contends that he is at least entitled to a verdict in his favour to be released upon payment of the balance of purchase-money and interest due by defendant. But we cannot agree with them. This action was not brought to enforce the agreement, and compel the payment of the purchase-money. The plaintiff has repudiated the alleged agreement with the defendant, and sought to recover the absolute possession of the premises in the opening of this case to the jury, and during the trial, until the evidence is closed. If he had made the demand at the inception of the suit that he now makes, and tendered the defendant a proper deed of conveyance, the defendant might, and undoubtedly would, have been willing to comply. But a large amount of costs have accrued by the plaintiff's refusal to do so, and it is shown that the plaintiff is now unable to execute a deed clear of all encumbrances; we therefore instruct you that it is too late for the plaintiff to ask for a conditional verdict."

*James H. Campbell* and *Meyer Strouse,* for plaintiff in error.— The defendant set up an equitable title, and claimed that he had taken the case out of the Statute of Frauds, to perfect which, payment of the purchase-money has always been held essential. How could he claim to have paid a part of the purchase-money if he had agreed to apply it to a different indebtedness? Or how claim an *equity* for a partial payment, which he afterwards had credit for on a separate account? To permit him now to have a *second* value for that payment, would be to allow him to perpetrate a wrong on the plaintiff. The equitable title, if any

· [Lauer v. Lee.]

vested, was in the process of formation; no part of the purchase-money, as plaintiff contends, had then been paid, except this $100, and its payment was essential. to vest any interest in defendant.   The plaintiff offered to show an abandonment by parol, and was entitled to do so : Colt v. Selden, 5 Watts 525 ; Ong v. Campbell, 6 Id. 392 ; Boyce v. McCullow, 3 W. & S. 429 ; Stevens v. Cooper, 1 Johns. Ch. Rep. 429, 430 ; Gorman v. Salisbury, 1 Vern. 240 ; Bell v. Howard, 9 Mod. 362 ; Price v. Dyer, 17 Ves. 363, 364 ; Botsford v. Burr, 2 Johns. Ch. Rep. 416.

There was error in the answers of the court to plaintiff's 2d, 3d, 4th, 5th, and 6th points.   The plaintiff stood upon his legal title—the defendant set up an equitable one.   The defendant became the actor, and it was necessary for him to show performance, or an offer to perform before he could enforce his equity : Devling v. Williamson, 9 Watts 319 ; Griffith v. Cochran, 5 Binn. 105 ; Wengert v. Zimmerman, 9 Casey 509 ; Marlin v. Willink, 7 S. & R. 297.   There was no pretence that the purchase-money was paid, or offered to be paid, although some four years had elapsed since the alleged purchase, and yet the defendant was permitted to withhold both the payment of the purchase-money and the possession of the land : Smith v. Webster, 2 Watts 478.

The court below refused to instruct the jury " that at best the defendant could only have a conditional verdict."   We submit that the plaintiff relied upon his legal title, Devling v. Williamson, 9 Watts 319, which the evidence abundantly showed was vested in him, and offered proof (rejected by the court) to show a rescission of the parol agreement.   The evidence of rescission having been ruled out, the plaintiff, on the case as it then stood, asked for instructions based upon Chadwick v. Felt, 11 Casey 305, a precisely similar case.   The tender of a deed, prior to the commencement of the suit, was not necessary : Smith v. Webster, 2 Watts 478 ; Devling v. Williamson, 9 Watts 311.

It seems to have been thought, by the learned court below, that there were existing liens against the interest of the plaintiff in the property, and that therefore the defendant could retain the possession without payment, or offer to pay.   A conditional verdict would have protected the defendant, if the liens bound plaintiff's interest by the stipulation that the judgment should not be executed until plaintiff tendered a deed clear of encumbrances.

*E. P. Dewees* and *F. W. Hughes*, for defendant in error.—The several specifications of error, as well as the facts in effect, raise and warrant only these two questions:—1. Did the court err in rejecting the plaintiff's offer to prove the matters mentioned in the first assignment of error ?   2. Was the plaintiff entitled to recover absolutely unless the defendant prayed for

a conditional verdict, whilst the plaintiff, utterly repudiating his trust, refused and denied his obligation to give a deed, had never tendered any, and was not able to give a title clear of encumbrances? Lauer never owned this property in fee. He was at no time more than a mere trustee for Lee, holding the legal estate as security for his payments to Burkhard. He held merely a mortgage upon the property. The case cannot be put as one of the agreement by Lauer to sell to Lee. This is not only contrary to the evidence, but would be inequitable, because Lee, in addition to his reimbursements to Lauer of purchase-money advanced, had gone into possession after his contract with Burkhard, and before Lauer had received any deed from Burkhard, and while in possession had expended some $700 in improvements. He had a fixed estate in the land; was a *cestui que trust* of Lauer, which estate could no more be divested by parol than a legal one. He does not claim as a purchaser from Lauer, or by verbal agreement merely; he has, in the letters and receipts of Lauer, "notes in writing signed by the party." Still the inception of his equitable title was originally, by virtue of his verbal agreement with Burkhard, afterwards acknowledged by Lauer. Murphy *v.* Hubert protects an equitable title thus *created*, but it condemns a parol *conveyance* of such title, which the testimony of George Bear was intended to establish. Colt *v.* Selden, 5 Watts 525, cited by plaintiff in error, does not present the question of a parol conveyance of an equitable title, but whether *acts* and *conduct* may be shown as evidence of abandonment. In that case the possession had been abandoned. But Lee always held on to his possession, continued to make improvements, and assert his title. The plaintiff did not offer to show any *acts* of Lee from which a jury might infer abandonment. And this disposes, too, of the case of Ong *v.* Campbell, 6 Watts 392. Chadwick *v.* Felt, 11 Casey 305, differs from this case in these important particulars. Lauer, never having owned the fee in the land, but as trustee, by *express agreement*, holding a mere mortgage, refusing to execute his trust, and to divest his *cestui que trust* of his equitable estate, demands what never belonged to him, and because resisted requires a conditional verdict, and this without tendering a deed, or being capable of executing the trust. See Story's Eq. Jur. vol. 2, § 1018.

The opinion of the court was delivered, March 17th 1862, by
Thompson, J.—The court below was of opinion, and so charged, that the evidence clearly established the fact of a parol sale of the lot and tenement for which the ejectment was brought by the plaintiff to the defendant, for the sum of $750, followed by possession in pursuance of the agreement, valuable improvements made, and part payment of the purchase-money by the

latter. Undoubtedly I think the evidence, if believed, indicated this as the character of the transaction, rather than a case of resulting trust or a mortgage. It was hardly controverted that the money paid by Lee to Burkhard was money obtained from Lauer for the purpose, and all the bargain which he made was in the name and for Lauer. It has been so often decided that a promise of one to buy land, and hold it for another on the terms of paying for it, where no money is paid by the latter, creates no resulting trust in his favour, that it has become an elementary principle of this branch of jurisprudence. Nor was there a shadow of a resemblance to a mortgage in the plaintiff taking the title in his own name, pursuant to the contract with Burkhard. The relation of vendor and vendee, by parol, was established by the evidence, if any relation at all was shown to exist.

Having properly put the case on this footing, several errors ensued, which we must now notice.

Although the plaintiff brought his suit on his legal title, it became an equitable ejectment in the end. The defendant set up his contract and part performance, and if he made it out, it was just as good, by way of equitable defence, as if it had been in writing. By reason of the relations between the parties, as vendor and vendee, equitable principles came into action, which ought to have been administered, and under them the plaintiff was entitled to a conditional verdict. The condition of the parties at the time of the decree is regarded, rather than at the commencement of the suit: 8 W. & S. 172; so that an instalment, falling due in the mean time, may be included in the verdict. To hold that because the plaintiff did not announce when he brought suit, that his object was to enforce the payment of purchase-money, when he could not know whether the defendant would set up his contract at all or not, is what no case or practice requires. Nor is his right to be affected because he has been compelled to succumb to an equity set up by the defendant, and is ruled by it. Because he asked just what he was entitled to, viz., the land; if the defendant interposed no equity, it would be a hard rule which should hold that upon ascertaining that he was entitled to what he claimed but in a modified form, he was therefore entitled to nothing. This would not be equity; it would be forfeiture rather. We think, therefore, that the court erred in denying the plaintiff's demand of a conditional verdict. On this point see Cadwalader v. Berkheiser, 8 Casey 43, and cases therein cited.

So, we think it was error to permit the defendant to set up encumbrances against the plaintiff to prove his inability to make a clear deed for the premises. He had a right to recover a conditional verdict against his vendee, notwithstanding this state of facts, for the defendant could not withhold both the

land and the purchase-money: Smith *v.* Webster, 2 Watts 478, and many subsequent cases. The recovery would be a condition incorporated in the verdict, or by the order of the court, that the verdict should be enforced, or the money taken out of court only on the condition of his executing and filing a deed to his vendee for the premises. If the property was encumbered when he bought, to an extent greater than the purchase-money would reach, and a payment of it on the encumbrances would not clear it, the purchaser could only blame himself for so imprudently contracting. But if the encumbrances were subsequent to the purchase, the purchase-money would only be bound, and on payment of that, a clear deed might be made. It is thus apparent that the defendant could not resist the legal title on this ground. It was not an equity in his favour. The court erred, therefore, in receiving the evidence, and allowing it to defeat the plaintiff of his conditional verdict.

So, also, there was error in charging that the plaintiff was bound to tender a deed before instituting the ejectment: Devling *v.* Williamson, 9 Watts 318; Cadwalader *v.* Berkheiser, *supra*. This is too well settled to need proof. A different rule prevails in covenant: Love *v.* Jones, 4 Watts 465, and other cases.

Even if the case had rested on the ground contended for by the defendant's counsel, that the purchase was by Lee from Burkhard, with Lauer for security, yet the latter, on paying the purchase-money and receiving a conveyance, could use the title thus received to enforce payment to himself, just as Burkhard could have done, and a conditional verdict would have been proper there: Reed *v.* Murray, 1 Jones 334. So, in either aspect of the case, the plaintiff was entitled to a conditional verdict, if the defendant was in a condition to set up an equity to prevent a recovery on the legal title.

We think there was error also in rejecting the plaintiff's offer to prove that $100 paid by the defendant to the plaintiff, on account of the "house and lot in Ashland, was afterwards, with the knowledge and consent of the defendant, carried to his general credit in a separate account for merchandise sold him." It has been settled that an executory contract for land may be rescinded by parol: Goucher *v.* Martin, 9 Watts 106; Boyce *v.* McCulloch, 3 W. & S. 429. But it must be evidenced by *acts* accompanying the rescission, which leave no doubt of the intent, such as cancelling the agreement or removing from the possession, when the contract rests only in parol. Alone, the proposed testimony might not be sufficient evidence of rescission, unless it was the only evidence of part performance, which it was not. But it was clearly evidence against the claim for payment of purchase-money by the defendant. If a payment made were afterwards devoted to another account, it ought not

[Lauer *v.* Lee.]

to be set up as performance against the plaintiff. If it were, it would extinguish so much purchase-money, and, at the same time, satisfy the general account to the same extent. If the withdrawal and change of the payment did not prove a rescission of the contract for the land, or leave the defendant without an equity to set up against the legal title, still it was evidence on the question of the account due on the land, to be fixed by the conditional verdict, and under both these aspects it should have been admitted.

For these reasons the judgment is reversed, and a new trial awarded.

Judgment reversed, and a *venire de novo* awarded.