## POTAN McCLURE v. JANE JONES.

ERROR TO THE COURT OF COMMON PLEAS OF FAYETTE COUNTY.

Argued May 7, 1888—Decided October 1, 1888.

1. Where, under an executory contract for the sale of land, either by writing or by parol, a complete title has not vested by performance, it is competent, in ejectment between the original parties, to show a parol rescission of the contract and the creation of the new relation of landlord and tenant.

2. A defendant in ejectment claiming under a contract of sale with the plaintiff and possession taken and maintained in pursuance thereof, is not entitled to a credit for money received by the plaintiff for the conveyance of a portion of the land in dispute to another.

3. In such ejectment, while the payment of taxes on the land in dispute is not conclusive of title, yet when it concurs with other relevant facts it is admissible in evidence and entitled to consideration.

4. And in such a case, the defendant has the right to give in evidence improvements made by him under his parol contract of purchase even after suit brought.

5. Where one party to the suit has given evidence of conversations with the other explanatory of writings produced, it is error to refuse the testimony of the other party, giving his version of the conversations.

6. Where the subject matter of the contract of sale is not defined with exactness by any writing between the parties, parol evidence upon the subject is admissible upon both sides.

Before GORDON, C. J., PAXSON, GREEN, CLARK and WILLIAMS, JJ.; TRUNKEY and STERRETT, JJ., absent.

No. 216 January Term 1887, Sup. Ct.; court below, No. 85 December Term 1879, C. P.

On October 9, 1879, an action of ejectment was brought by Powhatan (alias dictus, "Potan") McClure against Jane

Jones, to recover a small lot of ground in the East ward of Uniontown. The plea was not guilty.

At the trial on October 1, 1885, the plaintiff proved title in himself by deed from W. K. Cooper dated November 7, 1866, for a larger lot of which the lot in dispute was a part, and, having proved possession by defendant, rested.

In her case in chief, the defendant testified, in substance, that she was in possession of the property as a purchaser under a parol contract with the plaintiff, made when he was about to buy from Cooper, by which contract she was to pay $275 as purchase money; that she went into possession under said contract in the spring of 1867, and was to pay for the property as she could. She produced fifteen receipts for money paid by her to the plaintiff, the first of which, dated November 7, 1866, was for "$70, which has been paid on house and lot purchased from W. K. Cooper;" the second, dated December 16, 1868, was for "$12 on account of purchase of house and lot;" the third dated July 12, 1871, was for "$60, on purchase money of house and lot now occupied by her." The twelve remaining receipts were of different dates from March 1, 1872, to October 3, 1874, for small amounts purporting to be for rent, at the rate of $3 per month. As to these receipts the defendant testified that she could neither read nor write; that she never paid any money as rent on the house, and never knew until some years before the trial that the plaintiff was claiming the latter payments as on account of rent; that the receipts were brought to her already prepared and signed when she made her payments; that on one occasion, when Malinda Fox was present, the plaintiff asked her if she wished to keep the property, and she replied that she did, and that she would try and pay him $5 per month until it was paid for; that he studied awhile, and said, "No, you pay me $3 a month and I will give you credit on it with the payment." The defendant also testified that Isaac Skiles desired a part of the lot she had purchased, through which to open an avenue, and asked her who owned it; that she replied she was buying it from Potan McClure; that afterwards, when they staked the piece off, Mr. Skiles, the plaintiff and defendant present, Mr. Skiles said, "Why, Potan, this seems to be a partnership business. You come over to my house with me and I will give you a check

for $100, and you can divide it with Jane." The deed from McClure to Skiles was dated April 5, 1871. On cross-examination, the defendant was asked:

Q. Who paid the taxes on this property? A. Who paid it?

The defendant's counsel objected that the question was irrelevant, and not proper in cross-examination.

By the court: If it is objected to, it is not proper. Objection sustained.[3]

Malinda Fox, called for defendant, testified that she was present one morning when Potan McClure and the defendant were talking something about $5, and witness heard McClure say, "No, Jennie, I wont take $5 off you; you give me $3 a month and I will give you credit on the property;" and that he then proceeded to say he would not charge her interest.

The defendant, recalled in her own behalf:

Q. State whether you made any improvements to this property, and when it was and what improvements you made? A. I had two rooms built, of brick, in the spring before President Garfield was assassinated [1881].

The plaintiff objected to this testimony.[4]

In his rebuttal case, the plaintiff, called in his own behalf, was asked to explain how it came that in 1872 and afterwards, the receipts were different from the first ones; this for the purpose of showing that the contract of sale was then rescinded by the agreement of the parties.

The defendant objected that the testimony was incompetent and irrelevant, because, the plaintiff having entered into possession of the premises in dispute under a contract of sale, and remained in possession up to this period, claiming title and making valuable improvements on the property, it is incompetent to prove a rescission of the contract by parol, and the mere declarations of the defendant would not work such a rescission, nor change the character of her interest in the land.

By the court: The objection will be sustained and an exception sealed for the plaintiff.[5]

The plaintiff denied that he had said to defendant, as testified by the defendant and Malinda Fox, that she should pay him $3 a month and he would give her credit on the property.

His counsel offered to ask the plaintiff what was the contract entered into between himself and the defendant, testified to by the defendant and by Malinda Fox.

Defendant objected that the plaintiff having denied that he had the conversation as detailed by those witnesses, and it having been declared that the plaintiff alleges to have had at that time a parol rescission of the contract for the purchase of this property, the proposed testimony is incompetent because the contract cannot be rescinded by parol.

By the court: If the witness has not already done so, he can state whether any such contract was entered into as testified to by Mrs. Fox and Mrs. Jones. Beyond that we don't regard the testimony as competent. The objection will be sustained.[6]

The plaintiff still on the stand:

Q. There is some testimony here that you had begun a foundation for a house for your son, on a part of the lot in possession of the defendant. I will ask you if it was on any part of the land sold to the defendant? A. No, sir, it was adjoining it. Q. How far did you sell, how much of the lot did you sell?

The plaintiff proposed to show that the amount of land described in the præcipe was the amount sold by the plaintiff to the defendant.

The defendant objected that it was incompetent, because the receipt given by the plaintiff to the defendant specified the property sold, and for a further description referred to the deed that the defendant received from W. K. Cooper, which described it at length.

By the court: I think the objection is well taken. The objection is sustained.[7]

Q. It has been testified here by George Jenkins, that you pointed out the property that you sold to her, is that correct? A. That is correct; up to a locust tree. Q. Well, where is that locust tree?

Defendant objected.

By the court: If it is an attempt to limit the amount of land mentioned in the deed to Cooper, it is not competent. The papers mention that deed as a basis of sale.[8]

Nimrod McClure, called for plaintiff:

The plaintiff proposed to show a conversation the witness overheard between the plaintiff and defendant in 1871, showing that they had rescinded the contract of sale and entered into a new contract of tenancy.

Objected to, because the contract of sale could not be varied or rescinded by parol.

By the court: Objection sustained.[9]

The testimony closed, the court, INGHRAM, P: J., charged the jury as follows :

This is an action of ejectment in which Potan McClure, the plaintiff, is seeking to recover from Jane Jones, the defendant, the possession of a lot of ground in the east ward of Union-town, a description of which you have heard read by the counsel for the plaintiff. It is claimed on the part of the plaintiff that in the year 1866, he sold this lot of ground to the defendant, and that she took possession of it; the purchase money I believe agreed upon between them was $275. The terms of payment do not seem to be stated between the parties, nor have we any evidence as to how the money was to be paid. . . . . . It is not denied on the part of the defendant that the plaintiff was the owner of the lot of ground at the time he claims to have been, and it is admitted and claimed by the defendant that she bought the tract of ground from the plaintiff in the year 1866, about the 7th day of November, and there is no dispute about the amount of the consideration or purchase money as agreed on between the parties at that time. [It was claimed by the plaintiff that after that date, after some few payments—one of $60, another of $12, and another of $20 had been made—the defendant, finding herself unable to make the other payments, was willing to and did agree to rescind the article between them ; and it was claimed on the part of the plaintiff that he would have a right to recover the property in this action notwithstanding the payments; that after the date of that agreement the defendant gave up the property to him again. Under the view that we take of the law in the case, as you have heard discussed between counsel, that agreement, if any was entered into between the parties at the time, could not affect the contract for the purchase of the land ; and the question for you to determine in the case would be, what amount of purchase money is still due the plaintiff, if any, and for that purchase money, with its interest down to the present time, if there is any due him, he should have a verdict at your hands ;][1] or, in other words, this being a sort

of an equitable action of ejectment, if you find there is anything due him he can recover the premises described in the writ, to be released upon payment of whatever sum you may find due him from the defendant, if anything, within such reasonable time as you may find the defendant should pay it in. You have heard the question of payment pretty fully discussed, and there seems to be very little dispute about the payments, as they are in evidence by the written receipts of the parties. [It is claimed on the part of the defendant that the plaintiff at one time received $100 of Mr. Skiles for a part of this lot, and it is claimed on the part of the plaintiff that he would at least be entitled to one half of that; but, under our understanding of the law, I don't think he would be entitled to it, and if he sold a part of her lot at that date for $100, she would be entitled to a credit for that amount or what he did receive from Isaac Skiles.] [2] . . . . .

The verdict of the jury was in favor of the defendant. A new trial having been refused, judgment was entered, when the plaintiff took this writ. The errors assigned were:

. 1, 2. The parts of the charge embraced in [ ] [1] [2]

3. The refusal of plaintiff's offer. [3]

4. The admission of defendant's offer. [4]

5–9. The refusal of plaintiff's offers. [5 to 9]

*Mr. Edward Campbell* (with him *Mr. R. H. Lindsey*) for the plaintiff in error:

1. Whether the evidence offered was sufficient to take the case out of the statute of frauds, was of course a question for the court: Overmeyer v. Koerner, 81* Pa. 517; Detrick v. Sharrar, 95 Pa. 521; Bowers v. Bowers, 95 Pa. 477. To take a case out of the statute, there must be full, complete, satisfactory and indubitable proof of the parol contract, showing what land was purchased, its boundaries, the consideration, payment of it, and that possession was taken in pursuance of the contract: Wood v. Farmare, 10 W. 195. All the cases agree in this: Hart v. Carroll, 85 Pa. 508; Troup v. Troup, 87 Pa. 149. If any of these essential particulars are wanting, the parties dealing accomplish a lease of the real estate involved, either at will, or for three years, and nothing more: Stover v. Cadwallader, 2 Penny. 117. A receipt in part payment, by which the

terms of the contract are not defined is not enough: Soles v. Hickman, 20 Pa. 180; Ferguson v. Staver, 33 Pa. 411; Eargood's Est., 1 Pears. 399. Possession must not only be taken in pursuance of the contract, but it must be maintained in pursuance of it: Rankin v. Simpson, 19 Pa. 471; Grier v. Sampson, 27 Pa. 183; Wible v. Wible, 1 Gr. 406; Collins v. Collins, 2 Gr. 117; Hart v. Carroll, 85 Pa. 508.

2. The court instructed that the defendant was entitled to a credit for the $100 paid to plaintiff in April, 1871, by Mr. Skiles for the eastern strip of the lot. How could this be? If the defendant had purchased the whole Cooper lot from the plaintiff, then the equitable title was in her, and it is still in her. The deed to Skiles, if the defendant's theory is correct, conveyed just nothing at all.

3. But even if defendant succeeded in establishing a valid contract of sale, why was it not competent for the plaintiff below to prove by his own parol testimony and by the defendant's declarations, that the contract had been rescinded. Executory articles for the sale and purchase of land may be rescinded by parol, so that in equity no specific execution of them can be enforced or a recovery be had in ejectment: Garver v. McNulty, 39 Pa. 473; Boyce v. McCulloch, 3 W. & S. 432; Dayton v. Newman, 19 Pa. 198. The refusal of the plaintiff's offers was, therefore, clearly error.

*Mr. S. E. Ewing*, for the defendant in error:

1. The receipts of November 7, 1866, December 16, 1868, and July 12, 1871, prove the purchase by the defendant of the Cooper lot, and a reference to the deed from Cooper, referred to in the first receipt, gives the exact location and description of the premises. Only the amount of the purchase money and the terms of payment are not given in the papers, and these may undoubtedly be proved by parol.

2. As to the alleged change of the purchase and ownership of the property into a tenancy, it must be observed that it is not pretended that defendant ever did a single thing to evidence such action beyond the alleged oral agreement, and that she still remained in possession, kept up the repairs, made improvements, and in every way held and used the property as before. Now it is submitted that this parol rescission, as al-

leged and disclosed in plaintiff's offers, is wholly insufficient if entirely true. Cravener v. Bowser, 4 Pa. 259; s. c. Bowser v. Cravener, 56 Pa. 141, twice decided in this court, is on all fours with this case, and ruled it in the court below.

3. The Skiles sale was made while plaintiff was yet giving defendant receipts acknowledged to be for purchase money. Skiles paid the plaintiff for part of her lot. But the plaintiff never was the owner of the property; he was but a trustee of the title for the benefit of the defendant, and for the security of the money loaned to her to pay thereon. He was her agent in making the purchase from Cooper, subsequently the trustee for her of the title.

4. All the testimony regarding the alleged rescission that the plaintiff could produce, except perhaps the mere corroboration which Nimrod McClure might have given, and which is disclosed in the offer, was gotten out on the trial. Unless, therefore, the testimony and the offers show a case of rescission which the courts would sustain and which is beyond the statute of frauds, there can be no occasion to disturb the judgment.

OPINION, MR. JUSTICE GREEN:

The defendant claimed title to the land in dispute under a verbal contract of sale for the premises, alleging that she was to pay $275 to the plaintiff as the consideration money of the purchase. To prove performance of the contract on her part, she gave in evidence a number of receipts for different sums of money signed by the plaintiff. The first three of them, given in 1866, 1868 and 1871, respectively for $70, $12 and $60, purported to be on account of purchase money of a house and lot, which, for the present at least, may be conceded to be the premises in question. The remaining twelve of them, all purport to be for rent for what under all the evidence must be conceded to be the same premises.

These writings are necessarily and materially inconsistent with each other upon their face. Those which relate to purchase money cover the time from November 7, 1866, to July 12, 1871. Those which relate to rent cover the time from March 1, 1872, to October 1, 1874. The first three tend to prove a sale, the last twelve tend to prove a renting. They

are all between the original parties to the contract, and this action is between the same parties. The defendant gave them all in evidence. She was permitted to, and did, testify in contradiction to the last twelve of the receipts, saying in substance that she never paid the money for which they were given, as rent, but as purchase money under the original contract of purchase. When the plaintiff offered to testify in explanation of the receipts for rent, that it was because the defendant was unable to complete her performance of the original contract of purchase, and that that contract was rescinded, also by verbal agreement, and a new contract of renting was then made, and that the subsequent payments were all made as rent and not as purchase money, the offer of proof was objected to as incompetent, on the ground that the title to the land had become vested in the defendant by entry and improvement and could not be divested by any agreement or act in parol. This view was sustained by the learned court below and the offer of proof was rejected. The same view was expressed in the charge and was applied to the entire case of the plaintiff as developed in several assignments of error.

We think there was error in this action of the court below, and for various reasons. In the first place the plaintiff's offer of proof was in accord with the written receipts which were given in evidence by the defendant, while her own, merely oral testimony, was in contradiction of them. The learned court seems to have held that the original contract for the sale of the land by the plaintiff to the defendant, was a written contract established by, or consisting of, the first, or first three, receipts; and, having adopted this theory it was applied throughout, regardless of the fact that the remaining twelve receipts were also between the same parties, for the same premises, and entirely hostile to the theory of a sale, at least from the time the first of them was given. On the writings then, considered by themselves alone, and all being of equal grade as media of proof, the defendant's case was contradictory of itself, and there was quite as high authority upon the written proofs alone for holding that, even if the contract was originally a sale, it became by the subsequent written agreement of the parties, changed to a contract of renting. These receipts for rent were as much a part of the proof of the de-

fendant's claim of title as were the receipts for purchase money. They were in evidence and required interpretation. They certainly conflicted with the claim of title by sale, and being later in time than the receipts for purchase money, were perfectly legal evidence of a change in the original contract from a sale to a lease. This view does not seem to have been considered at all, and yet it seems to us of controlling force. This being the state of the written proofs, the defendant was allowed to testify in contradiction of the receipts for rent and give mere oral proof, and the plaintiff was not permitted to give the same kind of testimony in support of the writings. This is certainly in reversal of the ordinary rule applicable in such cases, and for this alone the judgment would have to be reversed.

But we think there was also error in applying the theory that because a complete title had vested, a subsequent rescission could not be proved by parol. It must be observed that the defendant's title, which was really in parol in its origin, had never become perfected by performance, and therefore was only an equity depending upon the amount of purchase money paid. While it remained in this condition, uncompleted by full payment, it was clearly, under the authorities, in an action between the original parties, subject to proof of subsequent rescission by parol. Thus, in Boyce v. McCulloch, 3 W. & S. 429, it was distinctly held that a written contract for the purchase and sale of land, may be rescinded by a subsequent parol agreement of the parties. It is true, this was ruled in an action by the vendee against subsequent purchasers from the vendor, without notice of the articles; but it was a case of express written contract of sale, followed by possession of part of the land; and, in the course of the opinion by KENNEDY, J., the general doctrine applicable was thus expressed: " No doubt if evidence had been given showing that the articles of agreement had been canceled, or actually given up for that purpose, or such possession as Boyce had, had been surrendered in pursuance of the agreement to rescind the articles, it would have made the case perfectly clear for the defendants; because it might have been considered, even at law, as amounting to an actual rescission of the agreement contained in the articles." In the present case, while the defendant did not go out of the physical possession of the premises, she certainly

did change the legal character of her possession, if she entered into a relation of tenancy to her vendor as landlord, and paid rent for the privilege of occupying the premises. This was what the plaintiff alleged and offered to prove and his offer was supported by the writings which the defendant held and gave in evidence.

In Dayton v. Newman, 19 Pa. 198, we said: "An equity under written articles may be released by parol;" and, in Garver v. McNulty, 39 Pa. 485, Thompson, J., said: "No doubt but that unexecuted articles for the sale and purchase of land may be rescinded by parol, so that in equity no specific execution of them could be enforced or a recovery be had in ejectment." Judge Thompson said further, referring to the facts of that case, "But when the title has passed, a different rule necessarily exists;" and it was this which induced the court below to exclude the plaintiff's offer of testimony in supposed conformity with the decision above quoted. An examination of that case however shows that its circumstances were entirely different from those of the present. The title of the vendee in that case was acquired under an instrument of writing which we held to be an absolute conveyance, completely executed, of the grantor's title, with the same effect in all respects as if it had been in form, as it was in legal effect, an ordinary deed in fee simple. Of course, upon this view of the case, the title having entirely passed, it could not be revested in the grantor except in conformity with the statute of frauds, and this was expressly stated in the opinion. The doctrine that unexecuted articles, although in writing, might be rescinded by parol was recognized and affirmed.

So too, in Bowser v. Cravena, 56 Pa. 132, there was a written contract of sale which, however informal in its language, was in legal effect a present actual conveyance of the land in question, followed by a long continued possession and improvements by the vendee. We held, repeating what had been held in the same case, in 4 Pa. 259, that the title passed by this instrument and therefore could not be divested or aliened except by a contract in writing. Both opinions were delivered by the same judge, Thompson, J., and in both he recognized the difference between an actual conveyance of the title by writing, and unexecuted articles or a mere parol sale. The

case of Lauer v. Lee, 42 Pa. 165, was referred to in the opinion in Bowser v. Cravena, and in that case also, the opinion was written by the same judge. There the sale was by parol and the first receipt for the purchase money was for $100 "on account of house and lot in Ashland." There was also proof of possession and improvements, and in all these respects the case corresponds very closely with the present. On the trial, the vendor offered to prove that the $100 paid on account of the land was afterwards by mutual consent carried to the credit of the vendee on a separate account for merchandise sold him. This was objected to and rejected, and upon error assigned the court below was reversed, THOMPSON, J., saying: "It has been settled that an executory contract for land may be rescinded by parol: Goucher v. Martin, 9 W. 106; Boyce v. McCulloch, 3 W. & S. 429. But it must be evidenced by acts accompanying the rescission which leave no doubt of the intent, such as canceling the agreement or removing from the possession, when the contract rests only in parol. Alone, the proposed testimony might not be sufficient evidence of rescission, unless it was the only evidence of part performance, which it was not. But it was clearly evidence against the claim for payment of purchase money by the defendant. If a payment made were afterwards devoted to another account it ought not to be set up as performance against the plaintiff." In the present case the offer was to prove that the previous parol contract of sale was rescinded in 1872, when the payments for rent commenced, and that the subsequent receipts were for sums of money paid as rent for the property. This offer does not specifically say that the prior payments were to be credited as rent, but as that would be the necessary legal effect if the original contract was rescinded and changed to a contract of leasing, this defect in the offer would not impair the efficacy of the offer as it was made, especially as it corresponded with the terms of the written receipts subsequently given.

To sum up the whole matter, the original agreement was a verbal contract for the sale of the premises for $275. In part performance, the defendant proved that she had paid, within the five years following, $142 on account of the purchase money, and gave written receipts in evidence in support of her assertion; and she further gave in evidence written receipts

showing that from January 1, 1872, to October 1, 1874, she had paid rent for the same premises at the rate of $3 per month. The plaintiff offered to prove that the contract of sale had been rescinded and a contract of leasing substituted and was not permitted to do so, which in our opinion was error. These views sustain the first, fifth and ninth assignments of error. We sustain the second, because the purchase by Skiles was from the plaintiff, and must be assumed to be for whatever interest he had in the premises. It was in no event a purchase from the defendant and therefore the $100 paid by Skiles cannot be credited on the money due by the defendant to the plaintiff. We sustain the third assignment, because, while the payment of taxes is not conclusive of title, it is some evidence, and when it concurs with other circumstances, is entitled to consideration. The fourth assignment is not sustained, because the defendant if she made improvements under her parol contract of purchase, had a clear right to prove that fact in support of her claim of title. We sustain the sixth assignment because it was an offer to prove the plaintiff's version of a conversation as to which evidence had already been admitted in favor of the defendant. The seventh and eighth assignments are sustained, because they are offers to prove the subject matter of the parol contract, and as this is not defined by any writing with exactness it is a subject of parol proof on both sides. The first receipt for purchase money does not assume to describe definitely the property purchased, and, whether the whole or a part only of the Cooper lot was sold, the fact is equally consistent with the receipt.

Judgment reversed and venire de novo awarded.