## Brownfield's Executors, Appellants, *v.* Brownfield.

*Disclaimer to take under will—Evidence—Ejectment.*

The assertion by defendant, in an action of ejectment, of contracts for the sale of land by plaintiff's testator to defendant's ancestor, is not a disclaimer by defendants of the devise to them of a portion of the lands by plaintiff's testator, but is a mere assertion by defendants that they were entitled to a further assurance of the lands included in the contracts but not devised to them.

*Rescission of contract for sale of land.*

A contract in writing for the purchase and sale of land may be rescinded by parol, or by such conduct of the parties as clearly shows an intention to rescind. Evidence of the surrender of the premises by the vendee, and the acceptance by him of a lease from another person, is admissible to establish the rescission of such a contract.

*Parol sale of land—Evidence sufficient to establish.*

Parol sale of land may be established by evidence to the effect that the vendor having bought the land at a judicial sale at the request of the vendee, agreed to sell to him as much as he could pay for; that a line was subsequently established fixing the portion of the vendee who was " to pay at the bid which the land was bid off at, with $200 extra; " and that the vendee took possession and paid the whole of the purchase money.

Argued May 9, 1892. Appeal, No. 10, Jan. T., 1892, by plaintiffs, Isaac A. Brownfield et al., executors of Basil Brownfield, deceased, from judgment of C. P. Fayette Co., March T., 1882, No. 261, on verdict for defendants, heirs of William A. Brownfield, deceased. Before PAXSON, C. J., GREEN, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Ejectment for three tracts of land, known as the Sutton, Rev. William Brownfield and Hellen tracts.

At the trial, before INGRAM, P. J., it appeared that the lands in controversy were owned by Basil Brownfield, who died in 1881. By his will Brownfield devised to his son William N. Brownfield a life estate in the land in controversy, and at his death remainder in fee to his children. William N. Brownfield died in January, 1889, during the pendency of this suit, and his widow and children were substituted as defendants. The defendants claimed that the lands had been purchased by William N. Brownfield under parol contracts from Basil Brownfield.

Other facts appear by the opinion of the Supreme Court.

Defendant's points were affirmed, among others the following:

" 3. There is no testimony in the cause that would justify the jury in finding that the written contract entered into between Basil Brownfield and William N. Brownfield, Nov. 3, 1858, has been rescinded." [10]

Verdict and judgment for defendants. Plaintiffs appealed.

*Errors assigned* were, among others, (1–7) admission of certain evidence, quoting the bills of exception but not the evidence ; and (10) affirmance of point, quoting it.

*R. H. Lindsay,* with him *George B. Hutchinson* and *John Collins,* for appellants.

*S. L. Mestrezat, A. D. Boyd* with him, for appellee.

OPINION BY MR. JUSTICE HEYDRICK, October 3, 1892.

When the plaintiffs gave in evidence the will of Basil Brownfield they showed a devise to the defendants, which, without more, was a complete estoppel as to the Rev. William Brownfield lot, and all of the Sutton tracts except the Mitchell lot, and also as to one acre of the Hellen lot. The defendants might indeed have renounced the devise in their favor, but whether by mere parol disclaimer does not appear to have ever been decided in this state, and the authorities elsewhere are not entirely in accord. It is not, however, necessary to decide that question now. Chancellor KENT says the disclaimer must be by some unequivocal act, 4 Com. 534* ; and this proposition will hardly be doubted by any one. In the present case the only evidence of disclaimer is the assertion of contracts between the defendants' ancestor and the plaintiffs' testator for the purchase by the former from the latter of the lands devised, together with other lands for which it is claimed no deed was ever made by the testator. If the devise had been upon a condition which the vendor in the alleged contracts could not have rightfully incorporated in a deed in consummation of them it might have been argued with much force that the assertion of the contracts was so inconsistent with the terms of the devise as to amount to a repudiation of it. But nothing of the kind is found either expressly in the devise in question or by implication from a devise of the other lands to some other person. Assuming the contracts set up to have been valid and

subsisting at the date of the will and of the testator's death, the defendants were entitled to not only what the will gave them, the legal title to the lands devised, but also the legal title to other lands; and by setting up the contracts they asserted no more than that they were entitled to a farther assurance of the lands not devised. This was not even an equivocal disclaimer of the devise, nor is it shown to be a disappointment of the will.

The learned court below was, however, in error in holding that there was no evidence in the cause that would justify the jury in finding that the contract of November 3, 1858, had been rescinded. That a contract in writing for the purchase and sale of land may be rescinded by parol was determined in Boyce v. McCulloch, 3 W. & S. 429; and that case has been referred to approvingly many times: Garver v. McNulty, 39 Pa. 473; Lauer v. Lee, 42 Pa. 165; Dayton v. Newman, 19 Pa. 194; Auer v. Penn, 92 Pa. 444; Raffensberger v. Cullison, 28 Pa. 426; McClure v. Jones, 121 Pa. 550. And where a contract may be rescinded by parol the conduct of the parties may be quite as significant of their intention as any words they might use: Grove v. Donaldson, 15 Pa. 128. Indeed to make a parol rescission effectual as against the purchaser there must be a yielding up of the possession or some other equally unequivocal act: Lauer v. Lee, supra. In the present case there was the testimony of Basil Brownfield that in 1862 William gave him notice that he was going to quit the premises and advertised his property for sale, and that he then rented him the whole farm for one third of the product. It is true that he also testified that he never sold William any part of the land by article of agreement, and that in this he is contradicted by the agreement itself. But considering that more than twenty years had elapsed between the making of the contract and the taking of the old man's deposition, it is not impossible that the jury would have believed that he had forgotten it because it had been abandoned soon after it was made, or never acted upon at all, and given full credence to his testimony as to what occurred in 1862 and subsequently. There was farther the testimony of Robert Bailey that William told him a short time before Basil's death that he "had a notion of leaving the farm because his father would not give him a

chance." And finally there was the acceptance of a lease from Isaac A. Brownfield, tenant of Basil, of the Mitchell lot, an act which, whether he had ever been in possession of that lot or not, was quite the equivalent of a surrender and inconsistent with a claim of title under the contract. From all this evidence, if believed, the jury would have been justified in finding that the contract was no longer obligatory, and therefore the tenth assignment of error is sustained.

As to the Hellen tract there was direct, positive and unambiguous evidence of a parol sale. Its terms were clearly defined, possession was taken in pursuance of it, valuable improvements were made and the whole of the purchase money was paid, if the defendant's witnesses are believed. According to the testimony of Isaac Brownfield, Basil purchased a larger tract including the lot in question at an administrator's sale, at the instance and request of William and in pursuance of an agreement that he would do so and sell the latter as much of it as he could pay for; and after the purchase "a line was established fixing the amount he got," and "William agreed to pay $200 above the purchase price paid by Basil, for his part of it; he was to pay at the bid that the land was bid off at with $200 extra." To another witness Basil pointed out upon the ground the line that had been established and told him that the part of the tract on one side of that line was William's. There was, then, according to these witnesses a sale of a tract of land with definite boundaries for a certain price per acre plus two hundred dollars; I say a certain price per acre because that could be made certain. As to the other elements of a parol sale there can be no question except as to the credibility of the witnesses, and that was properly referred to the jury.

No exception appears to have been taken in the court below to the admission of the account book of William N. Brownfield in evidence and for that reason the fourth assignment of error cannot be noticed. The remaining assignments of error do not require notice.

The judgment is reversed and a venire facias de novo is awarded.