### Encyclopaedia Britannica, Inc., v. Cowan, Appellant.

Argued October 21, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.,

Thomas D. McBride, for appellant.

Philip Werner Amram, with him Morris Pfaelzer, II, and Wolf, Block, Schorr & Solis-Cohen, for appellee.

OPINION BY BALDRIGE, J., November 22, 1940:
The plaintiff brought an action of assumpsit to recover the balance alleged to be due from defendant on the purchase price of a set of books. A prima facie case

was made out by the plaintiff offering certain paragraphs of the statement of claim, which were admitted by the affidavit of defense. It was thus proven that on October 20, 1937, the defendant agreed in writing to buy from plaintiff a set of 24 volumes of Encyclopaedia Britannica in a blue cloth binding, for the sum of $126 with a down payment of $6 and the balance payable in monthly installments of $5 each. The writing provided that it was not subject to written or verbal alteration.

The books were delivered to the defendant on October 27, 1937. Thereafter 11 monthly installments of $5 each were paid, leaving due when suit was brought $65 with interest.

After the plaintiff had rested, the defendant, a member of the bar, acting as his own attorney, made an offer of proof in support of his contentions that the contract of sale was rescinded, which offer included certain statements made by plaintiff's agent to the defendant prior to the execution of the written agreement and of a conversation he had with a salesman of the plaintiff company at Atlantic City, where it had an exhibit of books, from whom he learned that he had not received the so-called "library set" he had agreed to buy, which was more expensive and a better set than the one delivered. His offer also included a telephone conversation he had upon his return from Atlantic City, with someone, unnamed, admittedly not the salesman who sold the books. In this telephone conversation defendant complained that he had been imposed upon and the manager replied that a mistake had been made, and that one of the agents would call for the old set and deliver another bound in red morocco. As above noted, the writing called for a set bound in blue cloth. In due course the new set, as described, was delivered and the old one received back. The defendant retained and has now in his possession the substituted set.

After the defendant had stated that he had made his entire offer and would introduce no further evidence the court sustained an objection to the offer and gave binding instructions for the plaintiff. It is quite apparent that a portion of this offer was inadmissible. See *Gianni v. R. Russell & Co. Inc.*, 281 Pa. 320, 126 A. 791 and *Smithers et al. v. Light*, 305 Pa. 141, 157 A. 489. Probably the most objectionable feature is that relating to the conversation with plaintiff's agent in Atlantic City. As a part of the appellant's offer was inadmissible the court below very properly refused to receive it as a whole. "Where, in an offer of evidence, part is relevant and part is not, it is not necessary for the court to separate the good from the bad, but it may reject the entire offer": *Jones et al. v. Dubuque Fire and Marine Insurance Co.*, 317 Pa. 144, 147, 176 A. 208.

No further testimony being offered there was no legal defense produced to plaintiff's claim. The trial judge, therefore, had no alternative than to give binding instructions. The learned court below, in its opinion, very aptly points out the mere exchange of one set of books for another after a complaint had been made by the purchaser was not a rescission of the original contract. It was but a substitution of one type of performance for another to adjust a controversy that had arisen. Undoubtedly, a written contract containing a provision forbidding parol modification may by agreement be modified in part or rescinded by parol, but the mere replacement of a chattel by another did not result in rendering inoperative the contract, nor could it be considered wholly abandoned: Restatement, Law of Contracts, §§406, 408.

In *Whitehill v. Schwartz,* 27 Pa. Superior Ct. 526, 529, where the effect of a modification of a written agreement was considered, we said: "Even if the parol agreement, modifying the written contract as to the

time when the installments of rent should be paid, was made, all the other covenants of the lease were still binding upon the parties."

Williston, Contracts (1938 Edition) Volume Six, Section 1828, page 5178 states: "A contract in writing, but not required to be so by the Statute of Frauds, may be dissolved or varied by a new oral contract, which may or may not adopt as part of its terms some or all of the provisions of the original contract ...... Nor does it make any difference that the original written contract provided that it should not subsequently be varied except by writing. This stipulation itself may be rescinded by parol and any oral variation of the writing which may be agreed upon and which is supported by a sufficient consideration is by necessary implication a rescission to that extent."

So, in the present case the substitution of another set of books was but a pro tanto modification of the original contract, the other terms remaining in full force and effect.

We might add that aside from the technical feature of this case if the defendant had been permitted to produce the testimony included in his offer we think the defense, in view of his retention of the books, would have been unavailing. It would certainly be unjust for him to reap the benefits of the bargain and escape the liability he assumed and recognized by making a number of payments.

Judgment affirmed.