**PLANK v. SCHIFTER et al.**

Civ. A. No. 9032.

United States District Court
E. D. Pennsylvania.

July 28, 1949.

Milford J. Meyer, Philadelphia, Pa., for plaintiff.

Reilly & Pearce, Upper Darby, Pa., for defendant.

McGRANERY, District Judge.

On February 4, 1946, plaintiff and his wife (who has since conveyed her interest to the plaintiff), entered into an agreement with the defendant Stephan Schifter to sell three parcels of land to him for the sum of $5350, and thereafter conveyed the lots to the defendant Stephan Schifter, Inc. Also on February 4, 1946, plaintiff and his wife entered into an agreement with Stephan Schifter, Inc., whereby the latter was to construct on one of the three lots a house of certain specifications, for a consideration of $14,475. The consideration for the first conveyance was to constitute partial consideration for the second.

Defendant corporation commenced construction of dwellings on each of the three

lots conveyed, one being for the plaintiff. Soon thereafter defendant was forced to discontinue construction by reason of government regulations which were in effect until the late spring or fall of 1947. Upon the removal of these restrictions defendant completed the construction of the two houses built for other customers, but did no further work on plaintiff's house. The explanation offered by plaintiff is the rise of construction costs subsequent to the consummation of the agreement, the absence of an escalator clause in plaintiff's agreement and the presence of such a clause in the other two agreements. However, defendants aver that construction was not resumed by reason of an oral rescission of the agreement to build and convey; and they further aver that they stand ready and able to repay the $5,350 to plaintiff pursuant to the rescission agreement. Plaintiff denies that he ever entered into any agreement with the defendants, oral or written, whereby the agreement for the sale of the property involved herein was rescinded or revoked.

A complaint was filed requesting specific performance of the contract and payment of interest upon the sum of $5,350 from September 1, 1946 to date of judgment, or in the alternative, the sum of $25,000 in damages for loss of bargain. Plaintiff now moves for interlocutory summary judgment, under Rule 56(a) and (c), Federal Rules Civil Procedure, 28 U.S.C.A., on the issue of liability alone.

 Upon the trial of this cause, the defendant, of course, will have the burden of establishing his defense of a parol rescission. But upon a motion for summary judgment, the plaintiff, as the moving party, has the burden of showing the absence of a genuine issue of material fact, and all doubts as to the existence of such an issue must be resolved against him. Toebelman v. Missouri-Kansas Pipe Line Co., 3 Cir., 1942, 130 F.2d 1016; Walling v. Fairmont Creamery Co., 8 Cir., 1943, 139 F.2d 318; Weisser v. Mursam Shoe Corp., 2 Cir., 1942, 127 F.2d 344, 145 A.L.R. 467. With respect to the existence of the facts grounding a parol rescission, it cannot be said that the plaintiff has met his burden. It seems to me that, resolving doubts against the plaintiff, an oral contract of rescission can be spelled out of the facts developed in the deposition of the defendant Stephan Schifter filed herein by plaintiff. Therefore, for the purposes of a summary judgment, an oral contract of rescission must be assumed. And it is elementary that a written contract containing a provision forbidding parol modification may, by agreement, be modified or rescinded by parol, apart from statute of frauds considerations. Encyclopaedia Britannica, Inc., v. Cowan, 1940, 142 Pa.Super. 534, 16 A.2d 433; Williston, Contracts (1938 Ed.), volume 6, section 1828.

Assuming, then, the existence of a parol rescission of the written contract, we come to the problem of whether it is valid under the statute of frauds. Plaintiff cites Goucher v. Martin, 1839, 9 Watts, Pa., 106, as his authority for the proposition that the rescission is invalid. If that case has not in effect been overruled (see Pennsylvania Annotations, Restatement of Contracts, Section 222), nevertheless, it is clearly distinguishable. There the vendor brought ejectment against a vendee, in possession under a written contract, who had paid all the purchase money which had fallen due before suit was brought. It is not surprising, in this situation, that the Chancellor refused to turn out the vendee on a proof of parol resale "unaccompanied by any act which according to the decisions was necessary to take it out of the operation of the statute." Moreover, the court emphasized the distinction between a mere waiver or discharge of the contract of sale and a repurchase on different terms and conditions than contained in the original agreement. In the case at bar, furthermore, the vendee never had possession; and the parol rescission is urged by the vendor as a defense to a demand for specific performance, rather than as a ground for such a demand, as in the Goucher case. See Boyce v. McCulloch, 3 Watts & S., Pa., 429, 39 Am.Dec. 35, and Raffensberger v. Cullison, 1857, 28 Pa. 426.

 In any event, in Pennsylvania it is well established that there can be an oral rescission of a written contract to convey

land. Raffensberger v. Cullison, supra; Brownfield's Ex'rs v. Brownfield, 1892, 151 Pa. 565, 25 A. 92. But, as the plaintiff points out, the cases seem to indicate that there can be no parol rescission where the oral agreement is wholly executory. Lauer v. Lee, 1862, 42 Pa. 165; Brownfield's Ex'rs v. Brownfield, supra. That is, there must be an act accompanying rescission leaving no doubt as to intent, such as the yielding up of possession or the cancellation of 'the written articles of agreement. But the Goucher case, supra, and the cases cited in plaintiff's brief as turning on acts taking them out of the statute of frauds, Boyce v. McCulloch, Raffensberger v. Cullison, Lauer v. Lee, and Brownfield's Ex'rs v. Brownfield, supra; see also McClure v. Jones, 1888, 121 Pa. 550, 15 A. 659, were all cases in which the vendee had had possession. Under such circumstances, the rule of the necessity of a definite act accompanying rescission has a peculiar significance not apparent in a case where, as here, the vendee never had possession. The rule in the latter case, therefore, cannot be as inflexible as in the former. There can be no yielding up of possession where there was no change of possession to begin with. The rule is further limited where the rights of third persons have not intervened. See Boyce v. McCulloch and Raffensberger v. Cullison, supra. Nor can it be said as a matter of law, that failure to cancel or destroy the written articles of agreement is an act negating intent to rescind. See Boyce v. McCulloch, supra.

Since precisely the same act may serve either to breach the written contract or to perform in part the oral rescission, the defendant may reasonably contend that he has acted partly to perform the oral contract of rescission by forbearing from resuming and completing the construction and conveying, while the plaintiff contends that such conduct is merely the breach of the written contract. Here again, the plaintiff, as the moving party, has the burden of establishing the absence of a genuine issue of fact on this score. Taking into consideration the fact that plaintiff did not complain of noncompletion until a year after the oral contract of rescission, and

also the fact of the absence of an escalator clause in the original agreement during a period of rising costs, it seems to me that there exists a genuine issue of fact as to the significance of the defendant's conduct as an act in execution of the oral contract. The doubt must, of course, be resolved against the plaintiff. We cannot say, therefore, for the purposes of a motion for summary judgment, that the contract of oral rescission is in violation of the Statute of Frauds. The motion for interlocutory summary judgment, accordingly, is denied.