AUDIT SERVICES, INC., A MONTANA CORPORATION, PLAINTIFF AND RESPONDENT, *v.* T. A. HAUGEN, D/B/A HAUGEN CONSTRUCTION COMPANY, DEFENDANT AND APPELLANT.

T. A. HAUGEN, D/B/A HAUGEN CONSTRUCTION COMPANY, PLAINTIFF AND APPELLANT,' *v.* AUDIT SERVICES, INC. ET AL. DEFENDANTS AND RESPONDENTS.

Nos. 13991, 13992.
Submitted Sept. 19, 1978.
Decided March 7, 1979.
Rehearing Denied March 29, 1979.
591 P.2d 1105.

Torger S. Oaas (argued), Lewistown, for defendant and appellant.

Cure & Borer, Maxon R. Davis (argued), Great Falls, for plaintiff and respondent.

MR. CHIEF JUSTICE HASWELL delivered the opinion of the Court.

This is a consolidated appeal from judgments entered in two actions in the District Court of Fergus County. In one action, the court granted summary judgment to Audit Services for trust fund payments allegedly due them from Haugen Construction Company. In the other, the court dismissed with prejudice Haugen's complaint against Audit Services for wrongful attachment.

Audit Services is a collection agency for two union trust funds, Laborers-Associated General Contractors Trust of Montana and Montana State Carpenters Trust. Audit Services is attempting to enforce Haugen's alleged obligation to make contributions to these trust funds under collective bargaining compliance agreements.

Over a period of about six years, Haugen executed five compliance agreements with the unions, two with the laborers union and three with the capenters union. These compliance agreements bound Haugen to existing collective bargaining agreements between the union and the employers' associations. The collective bargaining agreements set forth a schedule for contributions to the trust funds by the employers bound to the agreements. The amount of contribution is computed on the basis of number of hours worked within the particular craft.

The present controversy arose when Audit Services filed a complaint in the District Court on June 25, 1974, alleging Haugen had failed to pay employer contributions due under the collective bargaining agreements for the period from January 1, 1971 to December 31, 1973. Prior to filing suit, Audit Services had audited Haugen's payroll record. Based on this audit, Audit Services sought judgment for trust fund contributions from Haugen in the sum of $8,119.98 plus interest; liquidated damages in the sum of $1,404,75 plus interest; interest in the sum of $428.56; audit fees in the sum of $257.05 plus interest; attorney fees in the sum of $3,500.00; and costs of suit. Haugen filed an answer denying liability.

In October 1975 Audit Services served its first request for admission and answers to interrogatories from Haugen. Haugen filed objections. The District Court sustained some of Haugen's objections and ordered Haugen to respond to those requests and interrogatories on which his objections had been overruled. In his answers of March 2, 1976, Haugen admitted executing four of the five compliance agreements. He would not admit or deny executing one of them on the ground the copy he had been furnished was illegible, but he did state he believed he may have executed that

agreement. Haugen would not admit or deny that his exeuction of the compliance agreements bound him to the underlying collective bargaining agreements. The reason was that he could not determine the legal effect of his executing the compliance agreements. He denied his son was an employee for whom contributions were due and also denied his failure to report employees' hours to the trust funds was improper.

Audit Services made a second request for admissions from Haugen in September 1976. Haugen again filed objections, and on March 9, 1977, the court overruled the objections and ordered him to respond by March 21. On March 22, 1977, Haugen filed his responses. In these responses Haugen admitted the compliance agreement he signed with the laborer's union in 1967 incorporated all the terms and conditions of the collective bargaining agreements with the laborers union in 1965, 1968 and 1971. He admitted a second compliance agreement executed with the laborers union in 1973 incorporated all the terms and conditions of the 1971 collective bargaining agreement.

With regard to the carpenters' union, Haugen admitted the compliance agreement he signed in 1968 incorporated all the terms and conditions of the 1968 and 1971 carpenters' collective bargaining agreement. He also admitted the compliance agreement executed in 1973 incorporated all the terms and conditions of the 1971 bargaining agreement with the carpenters. Haugen admitted the collective bargaining agreements with the laborers and carpenters covered the type of work performed by his employees, but denied his son was an employee and that the amounts shown on the audit were due and owing Audit Services.

Audit Services did not receive a copy of Haugen's responses by March 21. No responses had been filed with the Clerk of court on that day. It therefore prepared a motion for summary judgment and supporting brief and filed them on March 25. In its brief, Audit Services argued that because Haugen had not responded to its requests for admissions and ordered, the matters therein should be deemed admitted. They also argued that summary judgment in

their favor was proper since no issue of material fact was present. The motion was set for a hearing on April 7, 1977. When it came on for hearing, Audit Services, having by then received Haugen's responses, dropped its argument that his failure to respond entitled it to summary judgment. The thrust of its argument was that the pleadings and admissions of Haugen revealed that no material issue of fact was present and it was therefore entitled to judgment as a matter of law.

On April 27, 1977, Haugen filed an affidavit in opposition to summary judgment. In his affidavit, Haugen stated that his son was part of the management with authority to hire and fire employees; that he received a share of the profits of the company; and that he received a weekly wage to supplement his income.

On September 12, 1977, the court granted Audit Services' motion for summary judgment. The same day Audit Services filed an affidavit to the effect that $2,000.00 in attorney fees was a reasonable fee. Judgment was entered granting Audit Services $12,140-.07, interest $2,000.00 in attorney fees and costs.

Prior to this Audit Services had attached certain funds belonging to Haugen on deposit in a local bank. Haugen filed a motion to dissolve the attancment on January 14, 1976. The grounds asserted were that the attachment was improperly made, and that Montana's statute on attachment was unconstitutional. The motion was submitted on briefs. The District Court granted the motion February 5, 1976, holding the attachment statute unconstitutional.

On April 7, 1977, the date of the hearing on the motion for summary judgment in Audit Services' original debt action, Haugen instituted an action for wrongful attachment against Audit Services and its bonding agent, Safeco. On September 12, 1977, the court entered an order dismissing Haugen's action for failure to state a claim upon which relief could be granted. On September 15, 1977, the court entered judgment in accordance with its order, dismissing Haugen's complaint with prejudice.

Haugen appeals from both judgments. The two actions have been consolidated in this appeal by order of this Court.

14

The issues on appeal are:

1. Did the District Court err in granting summary judgment to Audit Services?

2. Was the award of attorney fees proper?

3. Did the District Court err in dismissing Haugen's complaint for wrongful attachment with prejudice?

Haugen argues that it was improper for the District Court to award summary judgment to Audit Services in the original debt action. He raises three contentions: (1) variance between the ground asserted in the brief of Audit Services (the timeliness of the answers to the request for admissions) and the ground asserted at the hearing on the motion (absence of any genuine issue of material fact), allowing Audit Services to make an oral motion for summary judgment in violation of Rule 56, M.R.Civ.P.; (2) the existence of genuine issues of material fact precluding summary judgment; and (3) Audit Services was not entitled to summary judgment as a matter of law.

We find no merit to Haugen's first contention. We recognize that Rule 56 does not allow oral motions for summary judgment. *Sequoia Union High School Dist. v. United States* (9th Cir. 1957), 245 F.2d 227. Here, we have a properly filed written motion. At the hearing, Audit Services argued a different ground than that argued in their brief. They could do so, just as the court can properly grant summary judgment on a ground other than that raised in the brief or motion. 6 Moore's Federal Practice § 56.14[1]. We find no error in the procedure used for obtaining summary judgment. As to the second contention, rule 56(c), M.R.Civ.P., provides summary judgment is proper:

". . . If the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

In determining if summary judgment should be granted the trial court's function is limited:

"The district court does not function to adjudicate genuine issues

of fact on a motion for summary judgment cause—it merely determines whether such issues exist. Thus the party opposing the motion will be indulged to the extent of all inferences which may be reasonably drawn from the offered proof. (Citations omitted.)" *Harland v. Anderson* (1976), 169 Mont. 447, 450 548 P.2d 613.

The burden is on the movant to establish the absence of any genuine issues of material fact. *Bonawitz v. Bourke* (1977), 173 Mont. 179, 567 P.2d 32.

In considering Audit Services' motion for summary judgment, the court had before it the pleadings, Haugen's responses to the request for admissions, and Haugen's affidavit in opposition to summary judgment. Haugen contends these documents show that a genuine issue of material fact exists in this case. We agree. We find two genuine issues of material fact: (1) whether Haugen's son was an employee or part of the management during all or part of the time in question, and (2) the amount of Haugen's liability, if any, to the trust funds.

Having found that genuine issues of material fact exist in the case, we hold that Audit Services was not entitled to summary judgment as a matter of law. The District Court erred in granting summary judgment to Audit Services.

Haugen further contends the District Court erred in awarding Audit Services their attorney fees. Haugen objects to the award because of the manner in which it was made.

Audit Services was awarded $2,000 in attorney fees based on the affidavit supplied to the court prior to entry of judgment. Haugen argues that to award attorney fees on the basis of an affidavit alone is improper. We agree.

We have held that an award of attorney fees must be based on a hearing allowing for oral testimony, the introduction of exhibits, and an opportunity to cross-examine in which the reasonableness of the attorney fees claimed is demonstrated. *State Highway Commission v. Marsh* (1978), 175 Mont. 460, 575 P.2d 38. The submission of an affidavit alone is not sufficient, and an award based on such an affidavit will not be upheld.

16

On February 5, 1976, the District Court entered its order dissolving the attachment on the ground "that it constitutes a violation of the due process clauses of the Montana and the United States Constitution, see *Sniadach v. Family Finance Corp.*, 395 U.S. 337, 23 L.Ed.2d 349, 89 S.Ct. 1820 . . ." This Court has since held in a similar case that Montana's prejudgment attachment statute is unconstitutional under the due process clause of the United States Constitution. *Williams v. Matovich* (1977), 172 Mont. 109, 560 P.2d 1338.

This order was appealable. Rule 1(b), M.R.App.Civ.P. Audit Services had 30 days from February 5, 1976, in which to appeal, Rule 5, M.R.App.Civ.P. No appeal was taken from the District Court's order dissolving the attachment. This order became final when the appeal period elapsed.

When Audit Services procured its unlawful attachment, it filed a surety bond through Safeco Insurance Company of America. That bond is subject to the provisions of former section 93-4304, R.C.M. 1947, now section 27-18-204 MCA, providing in part:

". . . The condition of such undertaking shall be to the effect that if the defendant recovers judgment *or if the court shall finally decide that the plaintiff was not entitled to the attachment*, the plaintiff will pay all costs that may be awarded to the defendant and all damages he may sustain by reason of the issuing of the attachment, not exceeding the sum specified in the undertaking."

Here, the District Court has clearly decided Audit Services was not entitled to the attachment. Its order dissolving the attachment has become final. Therefore the condition of section 93-4304, R.C.M.1947, now section 27-18-204 MCA have been met. The order dissolving the attachment is equivalent to a judgment made, entered and filed within the requirements of our previous decision in *Yellowstone Livestock Commission v. Dupuis* (1958), 133 Mont. 454, 325 P.2d 691.

Haugen has claimed damages for the period of time that his property was under attachment, for his attorney fees, and for his costs in defending against and setting aside the attachment. This

action for wrongful attachment should not have been dismissed and should be remanded to the District Court for further proceedings.

In summary, the order of the District Court granting summary judgment to Audit Services against Haugen for debt is reversed; the award of attorney fees is set aside; the order dismissing Haugen's complaint for wrongful attachment with prejudice is vacated and set aside. All these matters are remanded to the District Court for further proceedings.

MR. JUSTICES DALY, HARRISON and SHEEHY and GORDON BENNETT, District Judge, sitting in place of MR. JUSTICE SHEA, concur.