No. 14708

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

EMILY K. MATHEWS,

Plaintiff and Respondent,

-vs-

GLACIER GENERAL ASSURANCE COMPANY,

Defendant and Appellant.

Appeal from:  District Court of the Second Judicial District,
Honorable James D. Freebourn, Judge presiding.

Counsel of Record:

For Appellant:

Henningsen, Purcell and Genzberger, Butte, Montana
Mark A. Vurcorvich argued and James Purcell appeared,
Butte, Montana

For Respondent:

Corette, Smith, Dean, Pohlman & Allen, Butte, Montana
Kendrick Smith argued, Butte, Montana
Maurice A. Maffei argued, Butte, Montana

Submitted:  June 7, 1979

Decided:  NOV 28 1979

Filed:  NOV 2 8 1979

<u>Thomas J. Kearney</u>
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Defendant, Glacier General Assurance Company, appeals from an order of the Silver Bow County District Court granting plaintiff's motions for judgment on the pleadings, and alternatively, summary judgment, and thereby awarding her $53,224 based on a fire insurance policy covering the plaintiff's premises.

The primary question with which we are concerned is whether the plaintiff as the moving party in summary judgment carried the initial burden of proof to show that a question of material fact did not exist in relation to the defendant's pleading of an affirmative defense that plaintiff had materially altered the premises thereby materially affecting the insurance risk. There is, however, the additional question of whether the District Court properly granted judgment on the pleadings.

Because the District Court went beyond the pleadings in granting the motion for judgment on the pleadings, we conclude that his action cannot be sustained; rather, the District Court should have treated the motion as one solely for summary judgment. Moreover, because the District Court imposed the initial burden on defendant to provide proof of the affirmative defense alleged in its answer, in a situation in which it was the plaintiff who was the moving party for summary judgment, we conclude that the summary judgment order must also be reversed.

In the briefs filed before this Court, neither party has addressed the underlying pleadings and procedural problems which are necessarily involved in a determination of this case. The defendant has confined the issue to whether a material fact question exists regarding as the

-2-

affirmative defense of material alteration. The question of which party has the initial burden of proving the existence or absence of a material question of fact in relation to an affirmative defense, was not discussed. Plaintiff, on the other hand, contends that she should prevail not only on the issue of summary judgment but on the court order granting judgment on the pleadings. Plaintiff did not, however, discuss the fundamental question of whether the plaintiff, as moving party for summary judgment, had the initial burden of proving that no material question of fact existed in relation to defendant's affirmative defense of material alteration. Moreover, plaintiff provided no rationale why judgment on the pleadings, in the context of this case, can be harmonized with the applicable rules of civil procedure.

A brief summary of the events leading up to the filing of this lawsuit, and a rather detailed summary of the pleadings is necessary for an understanding of the procedural state of this case at the time the District Court granted plaintiff's motions for judgment on the pleadings and summary judgment.

The defendant issued a standard fire insurance policy to the plaintiff on April 21, 1977, and later in 1977, during the term of the policy, a fire or fires occurred which severely damaged the premises. The defendant offered to settle the fire loss claim for $18,316, plaintiff refused the offer, and plaintiff then filed suit seeking to recover $67,000, the face amount of the policy, alleging that the amount of the loss actually exceeded the face amount of the policy.

In her complaint, plaintiff alleged that she owned the premises involved which were severely damaged by fire

on October 3, 1977, and that a fire insurance policy issued by the defendant for the premises involved, was then in effect. She further alleged that the total loss exceeded the limits of the policy, that she had sent and defendant had received a timely sworn statement of proof of loss, and that defendant paid nothing on the loss, and that $67,000 was then due and payable. She also prayed for interest on the $67,000 from the date of the fire loss.

Defendant filed the customary motion to dismiss which was denied, and then filed its answer, which, to say the least, was not a model of clarity. Defendant admitted that a fire loss occurred during the term of the policy but denied that it occurred on October 3, 1977, and further admitted that defendant had paid nothing to plaintiff as a result of the fire loss. Defendant further alleged that it had offered to pay plaintiff the sum of $27,592 less depreciation of $9,336 and $100 deductible, but that plaintiff had refused such offer. Defendant further admitted receipt of a timely proof of loss statement sent by plaintiff, but denied that $67,000 was due and payable to plaintiff. The answer also denied any allegation not specifically admitted.

In a portion of its answer denominated as an affirmative defense, defendant alleged that plaintiff or her agents, servants or employees, before the occurrence of the fire, had caused the premises to be materially altered so as to decrease the value of the property and to materially affect the insurance risk assumed by defendant, and that plaintiff had failed to report such alterations to the defendant before the fire, as was required under the terms of the policy. We cannot determine from this alleged affirmative defense whether defendant was seeking

-4-

to avoid payment altogether as a result of the alleged material alteration, or whether it was seeking merely to reduce the amount owed to plaintiff under the policy.

In essence, we cannot determine if the answer was intended to indicate that the changes in the structure had subjected the insurance company to pay a potentially higher loss, which would indicate an increase in risk, or whether the answer was intended to show that the changes in the structure had increased the chances that a fire would occur, an increase in the hazard. Neither party addressed itself to these distinctions in either the District Court or before this Court.

In its prayer for judgment, defendant simply asked that judgment be entered in favor of plaintiff for the amount of $18,316, which was the compromise offer originally offered to plaintiff. Defendant also demanded a jury trial. No additional pleadings exist in this case.

Within a week after filing its answer, defendant wrote a letter to plaintiff asking for an appraisal of the amount of the fire loss, there being a provision in the policy providing for such appraisal. Plaintiff did not respond by letter, but instead filed papers in District Court agreeing to this appraisal but also asserting that because the defendant had demanded the appraisal, such appraisal was final and binding on defendant, and no appeal was permitted. Plaintiff also alleged that all proceedings in District Court were suspended by virtue of defendant's demand for an appraisal.

Defendant filed papers in District Court asserting that any such appraisal determination could be appealed and also alleging that proceedings in District Court were not suspended because other issues remained for determination. We cannot determine from this whether defendant meant that factual issues still remained for decision, or that legal issues

-5-

still remained for decision.  In any event, each of the parties proceeded to select its own appraiser as permitted by the terms of the policy, an appraisal was made, and each appraiser arrived at an identical loss, in the amount of $53,844.

Upon receiving the results of the appraisal, plaintiff made her next move in District Court.  She moved for judgment on the pleadings, and alternatively, for summary judgment. The basis for her motion for judgment on the pleadings is somewhat foggy, but it seems that plaintiff's essential contention was that defendant, by demanding an appraisal, had waived its right to go forward with any issues raised by the pleadings.  Plaintiff also asserted that depreciation of the value of the premises in arriving at the amount of the loss was not permitted by the terms of the policy itself, nor was it permitted by applicable statutory and case law.

Plaintiff's motion for summary judgment was based on her contention that defendant's answer, combined with defendant's demand for an appraisal of the fire loss under the terms of the insurance policy, had eliminated or waived any factual controversy which might exist as to a material alteration of the premises.  Specifically, plaintiff alleged that defendant was not entitled to assert the affirmative defense of material alteration for the following reasons: because defendant had alleged an offer to settle for $18,316.21 in its answer; that defendant had prayed in its answer for entry of judgment in favor of plaintiff for $18,316.21; that defendant had returned a substantial portion of the premium on the fire policy after the fire loss; that defendant had selected an appraiser-arbitrator to act with the appraiser-arbitrator selected by plaintiff; and last, by the ultimate determination of the appraiser-arbitrator assessing the actual fire loss at $53,844.  Plaintiff presented no evidence by which it could be concluded that a material alteration

-6-

had not in fact taken place as was alleged in defendant's affirmative defense.

Defendant filed no documents in opposition to the motions, but responded only with a brief which confined itself to the issue of summary judgment and the issue of depreciation; that is, whether defendant was bound by the appraisers' estimate of the amount of the fire loss. Defendant ignored the issue of whether plaintiff was entitled to judgment on the pleadings.

In its brief, defendant set forth the nature of the alleged material alterations asserted in its affirmative defense, which, defendant contended, raised a material question of fact that would defeat plaintiff's motion for summary judgment:

> "During the term of said policy, the property sustained damage as the result of fire on three (3) separate occasions--August 18th, 1977, September 8th, 1977, and October 4th, 1977.
>
> "Prior to the initial fire of August 18, 1977, the insured premises were materially altered by the Plaintiff or her agents, servants or employees. These alterations substantially decreased the value of the insured premises, and depreciated the property to a point where the established policy limits were not reflective of the value of the property.
>
> "The alterations consisted of, but are not limited to, the removing of the second floor of the building in question and tearing down an adjacent building. These alterations were commenced and completed without ever being reported to the Defendant and materially affected the insured's risk in the property."

The brief, however, is not at all clear as to whether defendant was seeking to avoid payment altogether because of its allegation of material alteration, or whether it was merely seeking to pay the loss on the basis of the value of the property after it had been materially altered by the plaintiff before the occurrence of the fire loss in question.

Nor are the District Court briefs clear on the issue of depreciation in relationship to material alteration. The parties agree that the appraisers did not consider the

-7-

factor of depreciation in determining the amount of the fire loss. Plaintiff contends that the insurance policy, statutes and case law, do not allow depreciation to be considered. Though not expressly admitting it, this argument is based on the assumption that plaintiff had not materially altered the premises before the fire loss. On the other hand, the defendant does not approach the factor of depreciation with an assumption that the premises had not been materially altered before the fire. Rather, defendant contends, it seems, that there was a material alteration before the fire loss, and if the insurance coverage was not voided by such fire loss, at least the decreased value of the premises caused by the material alteration, must be a factor in arriving at the amount of the fire loss. It thus appears that the parties at the District Court level, and before this Court are discussing depreciation in an entirely different context.

In a document entitled Findings of Fact, Conclusions of Law and Judgment, the District Court granted plaintiff's motion for judgment on the pleadings and its motion for summary judgment. It is difficult to determine the precise basis for the District Court's rulings.

It appears that the order granting judgment on the pleadings was based on a determination that defendant had waived any right to claim an increase in the risk caused by a material alteration of the premises. It appears that the trial court also did not distinguish between an increase in the risk as opposed to an increase in the hazard. This can partly be attributed to the defendant's ambiguous answer and the failure of the defendant to precisely set forth its contentions in its brief filed with the trial court. The finding of waiver was predicated upon defendant's requesting in its answer that judgment be entered in the amount of

-8-

defendant's compromise offer ($18,316), and by defendant's letter to plaintiff demanding an appraisal under the terms of the insurance policy.

The order granting summary judgment was based on a determination that although plaintiff was the moving party, defendant had the initial burden to show by affidavits or other evidence, that a material question of fact existed in relation to its affirmative defense of material alteration. Because defendant did not do so, the court granted summary judgment to plaintiff. It was error to impose this initial burden on defendant, the nonmoving party, was in error. First, however, we discuss the judgment on the pleadings granted in this case.

Initially, we note that procedurally the court could not grant judgment on the pleadings because in doing so it considered matters beyond the pleadings to reach its decision. Rule 12(c), Mont.R.Civ.P. provides in part:

> "[I]f, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . ."

See also Marsh v. Kitchen (1973), 480 F.2d 1270, 1272; Reddix v. Lucky (1957), 148 F.Supp. 108, 110; Chapman v. Pollock (1957), 148 F.Supp. 769, 771.

The complaint and answer were the only pleadings which the District Court could consider in this case. Rule 7(a), Mont.R.Civ.P., closes the pleadings upon the filing of an answer if no counterclaim or crossclaim is included in the answer and if a reply to an answer is not specifically ordered by the court. See also, Vol. 2A Moore's Federal Practice §7.02. In the instant case, there was no counterclaim no crossclaim, and the court did not order plaintiff to

-9-

reply to the answer. Judgment on the pleadings was based not only on the complaint and answer, but also on defendant's letter to plaintiff demanding an appraisal under the terms of the insurance policy, and on plaintiff's response to such demand.

In the briefs filed before this Court, defendant did not mention the issue of judgment on the pleadings, and plaintiff, although seeking affirmance of such judgment, offered no sound explanation of how judgment on the pleadings can be justified. To sustain plaintiff's position we would clearly have to ignore Rule 12(c) and Rule 7(a), supra, and this we are not inclined to do. Because the District Court should have treated plaintiff's motion solely as one for summary judgment, we next discuss the alternative order granting summary judgment.

Neither party in the briefs filed with this Court, has discussed what we consider the main issue to be concerning the order granting summary judgment--whether plaintiff as the moving party must initially demonstrate the absence of a material question of fact raised in defendant's affirmative defense of material alteration, or whether defendant must initially demonstrate the presence of a material question of fact raised by its affirmative defense of material alteration. At the hearing of this case on appeal, however, while responding to specific questions from the bench, counsel for plaintiff unequivocally stated that it was the duty of the defendant in this case to initially come forward with evidence that a genuine issue of material fact existed with relation to its alleged affirmative defense of material alteration, even though plaintiff was the moving party. But, we conclude that the plaintiff as the moving party has the initial burden and it failed to carry that burden. It was, therefore, error for the District Court to impose the initial burden upon the defendant and error to grant summary judgment to plaintiff.

-10-

In its order granting summary judgment, the District Court stated:

The Court finds particularly that

"(a) Defendant has not by affidavit or in any other manner supported its contention that a genuine issue of material fact exists.
"(b) Defendant did not by affidavit or otherwise produce any affidavit or evidence in support of its assertion in its Affirmative Defense that the premises had been materially altered or that there had been a decrease in the value of the property and that no reports were made by Plaintiff. Particularly, there was no showing of any increase in hazard.. . ."

We note, however, that the matters considered by the District Court in granting summary judgment, are devoid of any evidence initially presented by the plaintiff to justify a conclusion that a material question of fact did not exist in the affirmative defense of material alteration. Absent this showing, the defendant had no duty to come forward with counterproof.

The pleadings framed the issues here. Though inartful and imprecise, defendant did assert the affirmative defense of material alteration. Plaintiff recognized this from the very beginning and at no time contended that material alteration, as a matter of law, was not a permissible defense to plaintiff's complaint. But, as we previously mentioned, it is not clear whether the allegation of material alteration was intended to avoid payment altogether, or whether it was intended simply to reduce the amount which defendant should pay plaintiff for the fire loss. Nonetheless, there is no question that material alteration had been pleaded as an affirmative defense. If plaintiff had evidence which would establish the absence of any material fact in the allegation of material alteration, it was incumbent to so demonstrate by her documents filed in support of her motion for summary judgment. Plaintiff cannot, as was done here, foist that initial burden upon the defendant, for it would run contrary to the very purpose of Rule 56 which imposes the burden upon the moving party to show that it is entitled to summary judgment.

Summary judgment has as one of its primary goals that of cutting off nonmeritorious litigation, not of frustrating potentially meritorious litigation or defenses. In seeing to it that the rule accomplishes its proper goal, trial judges and lawyers must be reminded that:

> "A summary judgment is neither a method of avoiding the necessity of proving one's case nor a clever procedural gambit whereby a claimant can shift to his adversary his burden of proof on one or more issues." United States v. Dibble (9th Cir., 1970), 429 F.2d 598, 601.

Before summary judgment can be granted, the record before the trial court must "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Mont.R.Civ.P. Regardless of which party has the burden, if the record is barren of a basis upon which it can be determined that a material fact question does not exist in relation to a pleaded affirmative defense, there simply is no basis for the granting of summary judgment. Such is the situation existing in this case.

We have consistently held that the burden of proof is on the moving party to show that he is entitled to summary judgment. For example, see Audit Services, Inc. v. Haugen (1979), ____ Mont. ___, 591 P.2d 1105, 36 St.Rep. 451; Harland v. Anderson (1976), 169 Mont. 447, 548 P.2d 613; Kober & Kyriss v. Billings Deaconess Hospital (1966), 148 Mont. 117, 122, 417 P.2d 476, 478. Moreover, this has always been the rule under the federal court decisions interpreting Federal Rule 56(c). The rule is set forth in 10 Wright and Miller, Fed. Pract. and Proc. §2727, at 524-530:

-12-

> "It is well settled that the party
> moving for summary judgment has the
> burden of demonstrating that the Rule
> 56(c) test--'no genuine issue as to any
> material fact'--is satisfied and that he
> is entitled to judgment as a matter of
> law.  The movant is held to a stringent
> standard.  <u>Before summary judgment will
> be granted it must be clear what the
> truth is</u> and any doubt as to the existence
> of a genuine issue of material fact will be
> resolved against the movant. . ."  (Emphasis
> added.)

To the same effect, see also 6 Moore's Federal Practice,

§56.15(3), at 56-463-467.

That burden is not shifted to the nonmoving defendant

simply because he has pleaded an affirmative defense in his

answer which he would be required to prove if the case went

to trial.  In 6 Moore's Federal Practice, §56.15(3), at 56-

480-481, the rule is stated as follows:

> ". . . the burden to show that there is
> no genuine issue of material fact rests
> on the party moving for summary judgment,
> whether he or his opponent would at trial
> have the burden or proof on the issue
> concerned; and rests on him whether he
> is by it required to show the existence
> or nonexistence of facts."  (Emphasis added.)

The footnoted cases to this textual statement are replete

with factual situations requiring the plaintiff as moving

party to initially demonstrate the nonexistence of a material

question of fact asserted in defendant's affirmative defense.

We illustrate the application of this rule by two cases

cited in the footnotes.  The first case illustrates the

burden of the plaintiff as moving party to initially overcome

an affirmative defense pleaded by defendant; the second case

illustrates the burden of the defendant as moving party to

initially overcome allegations contained in plaintiff's

complaint.

-13-

In Plank v. Schifter (E.D. Pa. 1949), 85 F.Supp.
397, 13 F.R.Serv. 56c.41, case 2, plaintiff sued defendant
for specific performance on a contract and defendant
pleaded the affirmative defense of parol rescission of
the contract. Plaintiff moved for summary judgment, and
in relation to the relative burdens of the parties, the
court stated:

> "Upon the trial of this case, the defendant,
> of course, will have the burden of establishing
> his defense of a parol rescission. But upon
> a motion for summary judgment, the plaintiff,
> as the moving party, has the burden of showing
> the absence of a genuine issue. . . With
> respect to the existence of the facts grounding
> a parol rescission, it cannot be said that the
> plaintiff has met his burden." 85 F.Supp. at
> 398.

In Dyer v. MacDougall (2nd Cir. 1952), 201 F.2d 265, 18
Fed.R.Serv. 56c.41, case 2, the plaintiff sued defendant
for slander and defendant moved for summary judgment on
the ground that he did not make the utterance alleged by
plaintiff. Defendant properly supported his motion with
proof that he did not make the utterance involved, and
plaintiff was unable to overcome this proof. The Court,
through Justice Hand, stated:

> "The defendants had the burden of proving
> that there was no such issue; on the other
> hand, at a trial the plaintiff would have
> the burden of proving the utterances; and
> therefore, if the defendants on the motion
> succeeded in proving that the plaintiff
> would not have enough evidence to go to
> the jury on the issue, the judgment was
> right."

In Sheridan v. Garrison (C.A. 5th 1969), 415 F.2d 699,
this Court stated:

> "It is almost axiomatic that on motion for
> summary judgment the moving party has the
> burden of proving that no genuine issue of
> fact exists . . . even though his opponent
> may have the burden of proving the facts
> at trial." (Emphasis added.) 415 F.2d
> at 709.

-14-

This rule, as we have shown, is applicable to an affirmative defense. Indeed, imposing the burden on plaintiff to initially demonstrate the absence of a material question of fact in defendant's affirmative defense, is nothing more than a logical application of Rule 56(c).

It is clear in this case that because plaintiff did not initially demonstrate with appropriate proof, an absence of material fact with regard to the affirmative defense of material alteration, the defendant was not compelled to produce counterproof to avoid a grant of summary judgment. As the record stood before the District Court, there was no basis to grant summary judgment.

That the burden is on the moving party, is also supported by Rule 56(e), Mont.R.Civ.P. This rule is patterned after the federal amendment adopted in 1963, and provides as follows:

> "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegation or denials on his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Rule 56(e), Mont.R.Civ.P. (Emphasis added.)

The emphasized language clearly sets forth the requirement that the moving party first support his contentions with an appropriate evidentiary basis before the opposing party must

-15-

do more than simply rest upon the allegations contained in his pleadings. It is only when the moving party has properly supported its motion that the burden is shifted to the opposing party to provide counterproof rather than being permitted to rest solely on the allegation contained in its pleadings.

The reason for adopting Rule 56(e) is to prevent a party opposing a motion for summary judgment from simply relying on its complaint or answer which is loaded with factual detail. 10 Wright & Miller, Federal Practice & Procedure, §2739, at 710-714. The authors warn, however, that this rule was not designed to shift the burden of proof from the movant to the party opposing the motion, where the moving party has not first laid in the record a factual basis to do so. They state:

> "The 1963 amendment [Rule 56(e)] implicitly recognizes that there are situations in which no defense will be required; in some situations this is true even though a motion for summary judgment has been supported by affidavits or other evidentiary material. Rule 56(e) states that a defense is required only if the motion for summary judgment is 'supported as provided in this rule' and that even if the opposing party fails to submit counterevidence, summary judgment shall be entered only 'if appropriate.' Furthermore, the Advisory Committee states in its Note: 'Where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented.'" 10 Wright & Miller, at 716.

In analyzing an opinion of the United States Supreme Court, Adickes v. S. H. Kress & Company (1970), 90 S.Ct. 1598, 398 U.S. 144, 26 L.Ed.2d 142, Wright and Miller relate its importance to Rule 56(e):

> ". . . the opinion highlights the principle, upheld in many decisions since the 1963 amendment became effective, that no defense is required by Rule 56(e) if the movant fails to meet his burden of showing the absence of any genuine issue of material fact." 10 Wright and Miller, at 717-719.

-16-

Also, Wright and Miller rely on the analysis of Rule 56(e) by Kaplan, Amendments of the Federal Rules of Civil Procedure, 1961-1963 (II) (1964), 77 Harvard Law Review 801, where Kaplan states at page 827:

> "A party opposing summary judgment need not come forward in any way if the moving party has not supported his motion to the point of showing that the issue is sham. The [1963 amendment] [to Rule 56(e)] introduces no change here." 10 Wright & Miller, at 718-719.

It is clear therefore, that if the moving party has not by his own evidence properly supported his motion for summary judgment, which means in effect that he has not presented a case valid on its face to permit entry of a summary judgment ruling, the opposing party has no duty to present his own counterproof in opposition to the motion. He can, if he elects, stand on his pleading. Here, the defendant was entitled to stand solely on the affirmative defense of material alteration pleaded in its answer because plaintiff presented no evidence in her motion for summary judgment that she had not materially altered the premises. This being so, defendant was not required to present proof in opposition to plaintiff's motion.

Though we determine here that defendant was technically correct in relying solely on its answer because plaintiff did not meet her initial burden, this is not to say that we recommend this procedure. Obviously, defendant could have prevented an appeal, at least on the summary judgment question, if it had taken the time to place affidavits or other evidence in the record demonstrating that a genuine fact issue of material alteration remained for resolution.

In addition to determining that judgment on the pleadings and summary judgment granted in this case were clearly in error, we suggest that a proper consideration and application of pleading rules would have gone a long

-17-

way in putting the case in its proper context before it reached this Court. We have in mind alternative pleadings permitted by Rule 8(e)(2), Mont.R.Civ.P., and amendment of pleadings permitted by Rule 15, Mont.R.Civ.P.

The basic rule governing all pleadings is Rule 8(f), Mont.R.Civ.P., which provides that "[a]ll pleadings shall be so construed as to do substantial justice." The courts must breathe life and spirit into this rule by properly considering its application to the other rules of civil procedure. Here, the parties and the trial court should have considered Rule 8(e)(2) and Rule 15.

Without explanation, it seems that the trial court held that defendant had waived its affirmative defense of material alteration. As we previously mentioned, defendant's answer contained allegations which were indeed ambiguous. Furthermore, the legal theories were possibly inconsistent. Defendant prayed that judgment be entered for plaintiff in the amount of $18,316. The legal theory upon which defendant wanted to achieve this result was never made clear by the pleadings. But this approach was apparently based on defendant's contention that the alleged material alteration of the premises by the plaintiff caused the property to lose value, and therefore that any payment by the insurance company should be based on that reduced value. On the other hand, defendant alleged material alteration increasing the risk as an affirmative defense, although it is not clear whether defendant desired to avoid any payment on the policy as a result of the material alteration, or whether defendant merely wanted to pay according to the reduced value of the premises caused by the alleged material alteration. It thus appears that defendant plead alternative defenses even though they were not so expressly denominated.

The rules of civil procedure expressly permit alternative pleadings, both in a complaint, and in an answer. Rule 8(e)(2), Mont.R.Civ.P., provides:

-18-

"A party may set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as he has regardless of consistency and whether based on legal or on equitable grounds or on both. All statements shall be made subject to the obligations set forth in Rule 11."

As the rule states, multiple defenses are valid, and if any of them is sustained, plaintiff's cause of action must fail. Little v. Texaco, Inc. (10th Cir. 1972), 456 F.2d 219 (interpreting Federal rule 8(e)(2)); Abbey v. State (N.D. 1972), 202 N.W.2d 844 (interpreting Rule 8(e)(2) of the North Dakota rules of civil procedure which is worded the same as the Federal rule); and Jessen v. Aetna Life Ins. Co. (7th Cir. 1954), 209 F.2d 453, 468 (interpreting Federal Rule 8(e)(2).)

We note moreover, that plaintiff at no time moved under Rule 12(f), Mont.R.Civ.P., to strike the defense of material alteration as being an invalid defense. The reason perhaps is that such motion would have had no merit. Jessen v. Aetna Life Ins. Co., supra. It seems clear therefore, that plaintiff was implicitly recognizing that a defense of material alteration, if proven, was valid.

It is the policy of the law to avoid games of pleading skill and to submit cases on the merits, and to avoid judgments based solely upon the pleadings unless the parties agree on the facts and desire a decision on the law alone. 2A Moore's Federal Practice §8.02, at 8-18; Giannone v. United States Steel Corporation (3rd Cir. 1956), 238 F.2d 544. Because discovery is available to all parties to expose the underlying facts of the parties' contentions, the contention that imprecise or alternative pleadings result in surprise, is no longer valid. Here the record is devoid of any indication that either party

-19-

had undertaken discovery before plaintiff filed and obtained the summary judgment ruling as well as the ill-founded judgment on the pleadings.

Here the defendant's depreciation defense is not entirely consistent with its defense based on increased risk. By the depreciation argument defendant would acknowledge the duty to pay something to plaintiff, but would pay only the amount represented by the decreased value of the premises caused by plaintiff's alleged material alteration of the premises. By this argument defendant alleges that it owes $18,316 to the plaintiff. On the other hand, its defense of material alteration in relation to a claim of increasing the risk, is apparently an attempt to avoid entirely a duty to pay for the fire loss. We cannot, however, treat the defendant's pleading as a waiver as the trial court did, for to do so would negate the right of a defendant to plead alternative or inconsistent defenses under Rule 8(e)(2). See Giannone v. United States Steel Corporation, supra, 238 F.2d at 544.

We believe also that a proper consideration and application of the liberal amendment of pleadings permitted by Rule 15, Mont.R.Civ.P., would have helped considerably in putting the pleadings in their proper form before the trial court ruled upon the plaintiff's motions.

If the District Court believed that the defendant's answer was so vague that it should not be allowed to stand without amendment, it was within the prerogative of the court under Rule 15 to order defendant to amend its answer to more clearly state its position. Moreover, the defendant's brief filed in opposition to plaintiff's motion for summary judgment clearly set forth the factual basis for

-20-

its contention that plaintiff had materially altered the premises, and this being so, it was surely within the spirit of Rule 15 that the Court (assuming, of course, that plaintiff had properly carried her initial burden) to give the defendant an opportunity to place affidavits or other evidence in the record setting forth the factual basis for its allegation of material alteration.

In Rossiter v. Vogel (Cal.App.2d 1943), 134 F.2d 908, 7 Fed.R.Serv. 56c.312, case 1, the defendant failed to allege an affirmative defense in his answer, but in opposing the plaintiff's motion for summary judgment, filed affidavits containing facts that would support an affirmative defense. Rather than granting summary judgment, the court in the interests of justice, under Rule 15, permitted defendant to amend his answer setting forth his affirmative defense.

In the case at hand, the factual assertions as to the nature of the alleged material alterations were precisely set forth in the defendant's brief. Although we realize that factual recitations contained in a brief do not rise to the dignity of factual recitations contained in an affidavit, nonetheless, the trial court was put on notice that defendant was serious in its contention that a material alteration of the premises had in fact occurred before the fire in question. If nothing else, the statements in defendant's brief run counter to the trial court's determination that nothing "in any other manner" was presented to the court which would give any support whatsoever for a material question of fact to exist in relation to the affirmative defense of material alteration.

With the trial court and plaintiff being put on notice of the material alteration contentions set forth in defendant's brief, the trial court could have notified defendant that

-21-

such factual assertions in a brief do not comply with Rule 56, but that defendant would be given a chance to comply with Rule 56(e) by filing affidavits or other evidentiary material before the trial court would rule on the motion for summary judgment. This procedure would have been within the spirit of Rule 8(f), supra, to construe pleadings to arrive at "substantial justice."

Although we would so construe Rule 15 in order to do "substantial justice" under Rule 8(f), we stress that our discussion of Rule 15, in the context of this case is academic, for, as we have already determined, plaintiff failed in her initial burden as moving party, to show that she was entitled to summary judgment. This being so, defendant was entitled to stand on its affirmative defense pleaded in its answer.

For the foregoing reasons, the order of the District Court granting judgment on the pleadings and summary judgment is reversed. This case is remanded to the District Court for further proceedings consistent with this Opinion.

_____
                          Justice

We Concur:

_____
           Chief Justice

_____

_____

_____
           Justices

Mr. Justice John C. Sheehy dissenting:

When this cause is returned for further proceedings, the District Court will have no alternative but to render judgment again in favor of the plaintiff in the amount of the appraisers' award. There are no further factual issues to determine, and the case presents only legal questions, which the lower court correctly decided, and to which we should agree.

Whether we regard the judgment as one based on a motion for judgment on the pleadings, or as a summary judgment, the result is the same.

With respect to the pleadings, the plaintiffs complaint alleges the issuance of an insurance policy by the defendant, a fire within the term of the policy, and a loss, the amount of which remains unpaid after proof of loss has been filed with the defendant.

The defendant has filed an answer, admitting the issuance of the policy, that it was in effect, and that a loss occurred during the term of the policy. It denies any loss in excess of $18,316.21 for which it asks the Court in its prayer to enter judgment.

As a first affirmative defense, the defendant alleges that there were fires on three separate occasions, and goes on to contend, "that the plaintiff . . . caused the premises insured . . . to be materially altered so as to decrease the value of said property; that plaintiff did not report said alterations to defendant; that said alterations materially affected the insurance risk of the defendant."

Later, when a motion for summary judgment was pending, the insurance company, in its brief, stated that the alterations consisted of but are not limited to removal of the second story on the main building and removal of an adjacent building. They do not allege or contend that the alterations increased the insurer's risk in the property.

-23-

The policy provision upon which Glacier relies in its first affirmative defense is this:

> "Unless otherwise provided in writing hereto, this company shall not be liable for loss occurring:

> "(a) While the hazard is increased by any means within the control or knowledge of the insured . . ."

No matter how one slices it, a material alteration which serves to "decrease the value of said property" cannot be converted into an increase of the hazard insured against.

The cases are unanimous that the increase of hazard clause refers to physical conditions. West v. Green (1969), 284 Ala. 517, 226 So.2d 302; Grace v. Westchester Fire Ins. Co. (1964), 7 Ohio App.2d 156, 219 N.E.2d 227. "Increase of hazard" is synonomous with "increase of risk of loss." Brooks Upholstering Co. v. Aetna Insurance Co. (1967), 276 Minn. 257, 149 N.W.2d 502.

> "Since the term 'increase of hazard' denotes a change in the circumstances existing at the inception of the policy, it is evident that a provision in an insurance policy against increase of risk or hazard relates to a new use which would increase the risk or hazard insured against, and not to a continuation of a former or customary use, or to a change in risk without increase of hazard. It contemplates an alteration in the situation or circumstances affecting the risk which would materially and substantially enhance the hazard, as viewed by a person of ordinary intelligence, care and diligence. Thus, not all changes in the purposes for which premises are occupied or used will be such hazard-increasing activities as will void insurance coverage . . ." 43 Am.Jur.2d 879, 880, Insurance, §927.

It is Glacier's theory that the alterations in the property, which decreased its value "materially affected the risk." Perhaps so; but what is prohibited under the policy clause is enhancement or increase in the risk against fire. Glacier's theory is so ethereal as to have no weight.

If we determine therefore, that the affirmative defense presents nothing for the District Court or this Court to determine, and is legally ineffective, what remains for us or the District Court to decide? We must turn then to the effect of the uncontrovertible fact that Glacier sought and received the consent of the insured to an appraisal under the terms of the policy and that an appraisal of the loss under the terms of the policy has been made and rendered.

The fact that Glacier has requested and gone ahead with the arbitration is an admission of liability under the policy. Carr v. American Insurance Company (U.S.D.C. Tenn. 1957), 152 F.Supp. 700. This was an act affirming the validity of the policy, which act negated Glacier's contention that the policy was void.

The policy provision for appraisal or arbitration is this, in pertinent terms:

> "In case the insured and this company shall fail to agree as to actual cash value or the amount of the loss, then, on the written demand of either, each shall select a competent and disinterested appraiser . . . The appraiser shall then appraise the loss, stating separately actual cash value and loss to each item, and, failing to agree, shall submit their difference only to the umpire an award in writing so itemized of any two when filed with this company shall determine the amount of actual cash value and loss . . ."

The appraisers undertook the appraisal, item by item. They found a total cost to reconstruct the building of $80,000. Nevertheless, they agreed to reduce the loss on the building as far as the actual cash value and loss to each item was concerned to $48,524. They found a further loss to the equipment in the bar in the sum of $5,320.

Since the appraisers made their award, including the cost of reproduction less depreciation, the award is not subject to

judicial review where the policy states that the award when filed "'shall determine the amount of actual cash value and loss.'" Schreiber v. Pacific Coast F. Ins. Co. (1950), 195 Md. 639, 75 Atl.2d 108, 111, 20 A.L.R.2d 951, 956.

The report of the appraisers indicated that they had "found the actual cash value and loss to each item" in their report. Their award therefore is in accordance with the terms of the policy and may not now be attacked by Glacier, especially when Glacier requested the appraisal.

The case therefore, is clear, at least to me: there was a policy of insurance in effect at the time of the fire; there was a material alteration of the premises while the policy was in effect which reduced the value of the property insured but did not enhance the fire risk; there was a resort by Glacier to appraisers under the terms of the policy, and the appraisers have returned the amount of their award in accordance with the terms of the policy. The insured is entitled to a judgment in the amount of the appraiser's award plus interest from the date of the fire.

Therefore, the insured was entitled to judgment on the pleadings or to a summary judgment, whether further affidavits were filed or not. I would so hold.

John C. Sheehy
Justice

John Conway Harrison